[Cite as *State ex rel. Stevenson v. Thomas*, 2012-Ohio-5077.]

# Court of Appeals of Ohio

### EIGHTH APPELLATE DISTRICT
### COUNTY OF CUYAHOGA

---

JOURNAL ENTRY AND OPINION
No.   98377

---

# STATE OF OHIO C.S.E.A., EX REL., DAVIS STEVENSON

PLAINTIFF-APPELLANT

vs.

# DWAYNE THOMAS

DEFENDANT-APPELLEE

---

## JUDGMENT:
### REVERSED AND REMANDED

---

Civil Appeal from the
Cuyahoga County Court of Common Pleas
Juvenile Division
Case No. PR 94771807

**BEFORE:**  Boyle, P.J., Cooney, J., and Kilbane, J.

**RELEASED AND JOURNALIZED:**    November 1, 2012

**ATTORNEYS FOR APPELLANT**

**For Cuyahoga Support Enforcement Agency**

Timothy J. McGinty
Cuyahoga County Prosecutor
BY:   Joseph C. Young
Assistant County Prosecutor
C.S.E.A.
P.O. Box 93894
Cleveland, Ohio   44101-5984

**For Davis Stevenson**

Davis Stevenson, pro se
13660 Fairhill Road, #205
Cleveland, Ohio   44120

**FOR APPELLEE**

Dwayne Thomas, pro se
3010 East 130th Street
Cleveland, Ohio   44120

MARY J. BOYLE, P.J.:

**{¶1}** This case came to be heard upon the accelerated calendar pursuant to App.R. 11.1 and Loc.R. 11.1.

**{¶2}** Appellant, Cuyahoga County Child Support Enforcement Agency ("CSEA"), appeals from a juvenile court judgment vacating a prior judgment where it had found appellee Dwayne Thomas, the obligor, in contempt. CSEA raises one assignment of error for our review:

> The trial court erred and abused its discretion by sua sponte vacating a prior journal entry in contempt based on its finding that obligor had satisfied the purge conditions contained within the journal entry in contempt.

**{¶3}** We find merit to CSEA's argument and reverse and remand.

### Procedural History and Factual Background

**{¶4}** In May 2010, CSEA filed a motion to show cause against obligor, alleging that he had failed to comply with an order requiring him to pay $190.66 plus 2 percent per month on arrears and $34.67 plus 2 percent per month on previously established judgments. A summons was issued ordering obligor to appear for a hearing on the motion to show cause. Obligor failed to appear for the hearing, and a capias was issued.

{¶5} Obligor was arrested and brought before the court in July 2011. A magistrate found obligor in contempt of court for failure to pay child support as ordered. In the magistrate's decision, the magistrate found that obligor owed $19,832.02 in arrears and noted that all prior orders were superseded by this entry. The magistrate sentenced obligor to 60 days in jail and then suspended the sentence. The magistrate ordered obligor to pay $229.84 per month, plus a 2 percent processing fee, toward the arrearage. The magistrate notified obligor that he could purge his contempt by voluntarily paying $1,000 plus a 2 percent processing fee through CSEA within 120 days. The magistrate further ordered obligor to pay costs. A purge-review hearing was set for April 2012. The trial court adopted the magistrate's decision and entered its judgment on August 17, 2011.

{¶6} According to the transcript, obligor failed to appear for the purge-review hearing.[1] CSEA informed the court that obligor paid $732, not $1,000, in the 120-day period following the contempt order. CSEA further informed the court that a wage withholding order took effect at the end of September 2011. Since then, obligor had been paying his monthly obligation toward the arrearage.

{¶7} Based on CSEA's testimony, the trial court found that obligor had complied with the purge conditions set forth in the judgment entry of contempt and, thus, had purged his contempt. The trial court then vacated the August 17, 2011 judgment entry of contempt.

---

[1] At oral argument before this court, however, obligor stated that he was at the purge hearing.

## Vacating a Final Order

{¶8} In its sole assignment of error, CSEA argues that the trial court erred when it vacated the judgment entry of contempt. It maintains that the judgment entry of contempt was a final order and, thus, the trial court had no power to vacate it. We agree.

{¶9} This court explained in *Dickerson v. Cleveland Metro. Hous. Auth.*, 8th Dist. No. 96726, 2011-Ohio-6437, ¶ 7:

> [A]s a general rule, a trial court has no authority to vacate or modify its final orders sua sponte. Prior to the adoption of the Ohio Rules of Civil Procedure, trial courts possessed the inherent power to vacate their own judgments. Since the adoption of the Civil Rules, however, Civ.R. 60(B) provides the exclusive means for a trial court to vacate a final judgment.

(Internal citations omitted.)

{¶10} Civ.R. 60(B) states:

> On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order or proceeding for the following reasons: (1) mistake, inadvertence, surprise or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(B); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation or other misconduct of an adverse party; (4) the judgment has been satisfied, released or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (5) any other reason justifying relief from the judgment. The motion shall be made within a reasonable time, and for reasons (1), (2) and (3) not more than one year after the judgment, order or proceeding was entered or taken. A motion under this subdivision (B) does not affect the finality of a judgment or suspend its operation.

{¶11} Civ.R. 60(A) authorizes a trial court to modify its judgments sua sponte without any notice to the parties. But Civ.R. 60(A) permits a court to correct only clerical mistakes arising from an oversight or omission.

{¶12} The trial court's judgment finding obligor in contempt and imposing a sentence was a final judgment. *See Kapadia v. Kapadia*, 8th Dist. No. 96910, 2012-Ohio-808, ¶ 3-5 (an order containing both a finding of contempt and imposition of a sentence, even if provided the opportunity to purge the sentence, is a final order). Thus, we agree with CSEA that the trial court had no authority to vacate or modify its prior judgment entry of contempt. The judgment entry of contempt could only be vacated or modified in conformity with Civ.R. 60(B).

{¶13} We note that although the trial court could not vacate the judgment entry of contempt, it could find in a separate order that obligor had purged his contempt based on the testimony provided by CSEA at the April 2012 hearing.

{¶14} CSEA's sole assignment of error is sustained.

{¶15} Judgment reversed, and case remanded to the lower court to reinstate the August 17, 2011 final judgment.

It is ordered that appellant recover from appellee costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate be sent to said court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the

Rules of Appellate Procedure.


MARY J. BOYLE, PRESIDING JUDGE

MARY EILEEN KILBANE, J., CONCURS;
COLLEEN CONWAY COONEY, J., CONCURS IN JUDGMENT ONLY