[Cite as *In re D.R.M.*, 2012-Ohio-5422.]

# Court of Appeals of Ohio

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 98633**

# IN RE: D.R.M.
# A Minor Child

## JUDGMENT:
## REVERSED AND REMANDED

Civil Appeal from the
Cuyahoga County Court of Common Pleas
Juvenile Division
Case No. SU 07702427

**BEFORE:** Keough, J., Stewart, P.J., and Cooney, J.

**RELEASED AND JOURNALIZED:** November 21, 2012

**ATTORNEYS FOR APPELLANT**

Timothy J. McGinty
Cuyahoga County Prosecutor
Joseph C. Young
Assistant Prosecuting Attorney
Cuyahoga Support Enforcement Agency
P.O. Box 93894
Cleveland, OH 44101-5984

**FOR APPELLEES**

Andre Avent, pro se
3840 East 142nd Street
Cleveland, OH 44128

Danielle McDonald, pro se
3574 Ludgate Road
Cleveland, OH 44120

KATHLEEN ANN KEOUGH, J.:

{¶1} This appeal is before the court on the accelerated docket pursuant to App.R. 11.1 and Loc.App.R. 11.1 Plaintiff-appellant, Cuyahoga Support Enforcement Agency ("CSEA"), appeals the trial court's judgment that vacated a prior journal entry of contempt. Finding merit to the appeal, we reverse and remand.

**{¶2}** On August 17, 2010, CSEA filed a motion to show cause why D.R.M.'s father ("Father") should not be held in contempt of court for his failure to pay child support as previously ordered by the court. Father appeared for hearing and was granted a continuance to secure counsel. The matter was continued; Father again appeared without counsel, and the matter was again continued.

**{¶3}** A hearing on CSEA's motion to show cause was subsequently held on September 11, 2011. After the hearing, the magistrate issued a decision that granted CSEA's motion to show cause, found Father in contempt for failure to pay child support as ordered, and imposed a suspended jail sentence of 27 days. The decision ordered that Father could purge the order of contempt by paying $750 toward child support arrears not later than 120 days after the journalization of the decision, and set a date for a purge review hearing. The decision contained other orders relating to Father's past due and current support obligations and D.R.M.'s emancipation.

**{¶4}** The trial court adopted the magistrate's decision by entry journalized on January 4, 2012. On June 1, 2012, the trial court conducted a purge review hearing, after which it journalized an entry ordering that "the motion to execute sentence is hereby dismissed with prejudice and the underlying judgment entry, filed January 4, 2012, is vacated in its entirety."

**{¶5}** CSEA appeals from this judgment. It argues that the trial court erred in sua sponte vacating in its entirety the January 4, 2012 judgment. We agree.

**{¶6}** The trial court's January 4, 2012 judgment was a final, appealable order because it made both a finding of contempt and imposed a sentence, albeit suspended. *See Abernethy v. Abernethy*, 8th Dist. No. 92708, 2010-Ohio-435, ¶ 36-37; *Kapadia v. Kapadia*, 8th Dist. No. 96910, 2012-Ohio-808, ¶ 5.

**{¶7}** "As a general rule, a trial court has no authority to vacate or modify its final orders sua sponte." *N. Shore Auto Fin., Inc. v. Valentine*, 8th Dist. No. 90686, 2008-Ohio-4611, ¶ 12. Since the adoption of the Civil Rules, Civ.R. 60(B) provides the exclusive means for a trial court to vacate a final judgment. *J'Lexxys Dickerson v. Cleveland Metro. Hous. Auth.*, 8th Dist. No. 96726, 2011-Ohio-6437, ¶ 7.

**{¶8}** In this case, neither party filed a Civ.R. 60(B) motion for relief from judgment nor asked the court to vacate any of the provisions of the court's January 4, 2012 judgment. Thus, the trial court erred in sua sponte vacating its judgment. *See State v. Stevenson*, 8th Dist. No. 98377, 2012-Ohio-5077; *State v. Thomas*, 8th Dist. No. 98377, 2012-Ohio-5077; *In re R.T.A.*, 8th Dist. No. 98498, 2012-Ohio-5080 (all holding that trial court had no authority to vacate its final judgment of contempt absent a Civ.R. 60(B) motion).

**{¶9}** Moreover, by vacating its January 4, 2012 judgment in its entirety, the court nullified the extensive findings and orders in the judgment regarding Father's past due and current support obligations and D.R.M.'s emancipation.

**{¶10}**  Likewise, by vacating its judgment, the trial court also vacated its ruling granting CSEA's motion to show cause, the motion that gave rise to the entry in the first instance.   If the court's ruling vacating its judgment were allowed to stand, the show-cause motion would then still be pending, a result obviously not intended by the court.

**{¶11}** Accordingly, we hold that the trial court erred in sua sponte vacating its January 4, 2012 judgment in its entirety.  The portion of the trial court's journal entry dated June 11, 2012, that vacated the January 4, 2012 judgment is reversed,[1] and the matter is remanded to the trial court with instructions to reinstate the January 4, 2012 judgment entry.

**{¶12}** Reversed and remanded.

It is ordered that appellant recover from appellee costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate be sent to said court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

---

[1]The June 11, 2012 entry also found that Father had successfully purged the order of contempt issued on January 4, 2012.

KATHLEEN ANN KEOUGH, JUDGE

MELODY J. STEWART, P.J., and
COLLEEN CONWAY COONEY, J., CONCUR