[Cite as *In re M.W.*, 2013-Ohio-170.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 98886**

# IN RE: M.W.

## [Appeal by C.S.E.A.]

## JUDGMENT:
REVERSED AND REMANDED

Civil Appeal from the
Cuyahoga County Court of Common Pleas
Juvenile Division
Case No. PR 01701282

**BEFORE:**  Rocco, J., S. Gallagher, P.J., and Keough, J.

**RELEASED AND JOURNALIZED:**  January 24, 2013

**ATTORNEYS FOR APPELLANT**

Timothy J. McGinty
Cuyahoga County Prosecutor

By:   Joseph C. Young
Assistant County Prosecutor
C.S.E.A.
P.O. Box 93894
Cleveland, Ohio   44101-5984

**FOR APPELLEE**

L.W., pro se
526 East 123rd Street
Cleveland, Ohio 44108

**FOR MOTHER**

A.B., pro se
3431 Bosworth Road
Cleveland, Ohio   44111

KENNETH A. ROCCO, J.:

{¶1} In this appeal assigned to the accelerated calendar pursuant to App.R. 11.1 and Loc.App.R. 11.1, we are asked to determine whether the trial court erred in vacating its earlier contempt order and whether it abused its discretion in finding that M.W.'s father ("the father") had fulfilled the requirements of an earlier purge order. We conclude that the court erred on both counts and so we reverse the trial court's final judgment.

{¶2} On April 28, 2004, Cuyahoga Support Enforcement Agency ("CSEA") filed a motion to show cause relating to the father's failure to pay child support as previously ordered by the court. After the father failed to appear for the hearing, a capias was issued. The father was apprehended on the capias in April 2008, and was released after being assigned counsel and signing notice for a hearing to be held on July 7, 2008. The father once again failed to appear and another capias was issued.

{¶3} After the father was arrested, on November 7, 2011, he appeared for a hearing on the motion to show cause. The magistrate's decision found that the father was in arrears in the amount of $34,369.78. The father was found to be guilty of contempt for failure to pay the child support as ordered; the magistrate recommended imposing a suspended sentence with the opportunity to purge the suspended sentence by paying CSEA $2,000 by April 3, 2012. The payment could be made in a lump sum or in

payments, and the money would go towards child-support arrears. A purge review hearing was set for July 11, 2012, to be held before the visiting judge. The court adopted the magistrate's decision by an entry journalized on December 5, 2011.

{¶4} On July 11, 2012, the court held the purge-review hearing. At the hearing, uncontested evidence revealed that, during the purge period, the father had paid only $1,008.84. On August 24, 2012, the court journalized an entry order that "the defendant has purged the contempt. The Defendant is on a wage withholding order. Therefore, the underlying Judgment Entry, filed December 5, 2011, is hereby, vacated in its entirety."

{¶5} CSEA filed a notice of appeal setting forth two assignments of error for our review:

> **I. The trial court erred and abused its discretion by sua sponte vacating a prior journal entry in contempt based on its finding that obligor had satisfied the purge conditions contained within the journal entry of contempt.**
>
> **II. The trial court erred and abused its discretion by finding that obligor had satisfied the purge conditions contained within the journal entry of contempt.**

For the reasons that follow, we sustain both assignments of error.

{¶6} Our analysis in the first assignment of error is governed by our recent decisions in *State v. Thomas*, 8th Dist. No. 98377, 2012-Ohio-5077, and *In re: R.T.A.*, 8th Dist. No. 98498, 2012-Ohio-5080. *See also In re D.R.M.*, 8th Dist. No. 98633, 2012-Ohio-5422. A contempt order is a final order when there is both a finding of contempt and the imposition of a penalty or sanction such as a jail sentence or a fine. *In*

*re: R.T.A.* at ¶ 6. This is so even if the order provides the opportunity to purge the sentence. *Thomas* at ¶ 12. A trial court does not have the authority to sua sponte vacate its own final orders; rather, the trial court's authority can come only through a motion filed under Civ.R. 60(B). *R.T.A.* at ¶ 5.

{¶7} In the instant case, the contempt order journalized on December 5, 2011, was a final order because it issued a finding of contempt and it imposed the penalty of a suspended jail sentence. Neither party filed a Civ.R. 60(B) motion for relief from judgment nor asked the court to vacate any provision of the court's December 5, 2011 judgment. Accordingly, the trial court erred in its August 23, 2012 order when it sua sponte vacated in its entirety the December 5, 2011 order. The trial court had no authority to sua sponte vacate the earlier order. We, therefore, sustain the first assignment of error.

{¶8} We also sustain the second assignment of error, because we conclude that the trial court abused its discretion by finding that the father had satisfied the purge conditions contained within the journal entry of contempt. An abuse of discretion "implies that the court's attitude is unreasonable, arbitrary or unconscionable." *Blakemore v. Blakemore,* 5 Ohio St.3d 217, 219, 450 N.E.2d 1140 (1983). In reviewing for abuse of discretion, we are not to substitute our judgment for that of the trial court. *In re Doe*, 57 Ohio St.3d 135, 137, 566 N.E.2d 1181 (1990).

{¶9} Applying this standard to the instant case, the record plainly demonstrates that the trial court's determination that "the defendant has purged the contempt," was not

supported by the evidence presented at the hearing. The evidence revealed that the father had failed to make the $2,000 payment toward arrears as required by the purge conditions set forth in the contempt entry. Rather, he had paid only $1,008.84. The trial court noted that the father was on a wage withholding order, but it is unclear how this would relieve him of his duty to pay the full amount set forth in the December 5, 2011 order. Accordingly, the trial court abused its discretion in concluding that the defendant had purged the contempt, and we sustain the second assignment of error.

{¶10} We note that the trial court's conclusion that the defendant had purged the contempt is especially troubling in light of all that transpired in the eight years between the time the original show cause motion was filed in 2004, up to the present time. During these eight years, there was an execution of two capiases for the father's arrest because he failed to appear at hearings related to his non-payment of child support. The father made no payments whatsoever between 2002 and 2011, and, then, he made minimal payments after the contempt order was finally issued. The trial court's order finding that the father had purged the contempt essentially nullified the efforts expended by CSEA to enforce the child-support order.

{¶11} Having sustained both assignments of error, we reverse the trial court's final judgment and remand with instructions to reinstate the December 5, 2011 order and to find that the father failed to satisfy the purge conditions.

{¶12} The trial court's judgment is reversed and remanded for further proceedings consistent with this opinion.

It is ordered that appellant recover from appellee costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate be sent to said court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.


_____
KENNETH A. ROCCO, JUDGE

SEAN C. GALLAGHER, P.J., and
KATHLEEN A. KEOUGH, J., CONCUR