[Cite as *In re W.R.P.*, 2013-Ohio-702.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

---

JOURNAL ENTRY AND OPINION
**No. 99010**

---

## IN RE:    W.R.P.

## [APPEAL BY CUYAHOGA SUPPORT ENFORCEMENT AGENCY N.K.A. CUYAHOGA COUNTY JOB AND FAMILY SERVICES]

---

**JUDGMENT:**
REVERSED AND REMANDED

---

Civil Appeal from the
Cuyahoga County Court of Common Pleas
Juvenile Division
Case No. SU 08740615

**BEFORE:**  McCormack, J., S. Gallagher, P.J., and Blackmon, J.

**RELEASED AND JOURNALIZED:**   February 28, 2013

**ATTORNEYS FOR APPELLANT**

Timothy J. McGinty
Cuyahoga County Prosecutor

Joseph C. Young
Assistant County Prosecutor
C.J.F.S.
P.O. Box 93894
Cleveland, OH 44101-5984


**FOR APPELLEE**

William Phillips, pro se
2018 Cliffview Road, #6
Cleveland, OH 44121


**ALSO LISTED**

Carmella McKenzie
20600 Tracy Avenue
Euclid, OH 44123

TIM McCORMACK, J.:

**{¶1}** This case came to be heard upon the accelerated calendar pursuant to App.R. 11.1 and Loc.R. 11.1. Plaintiff-appellant, Cuyahoga Support Enforcement Agency ("CSEA"),[1] appeals the trial court's sua sponte dismissal of its prior contempt order finding defendant-appellee, William Phillips ("Phillips"), in contempt for failure to pay child support. CSEA also appeals the court's order finding that Phillips had purged the contempt.

### Substantive Facts and Procedural History

**{¶2}** On April 27, 2011, CSEA filed a motion to show cause due to Phillips's failure to pay court-ordered child support. A hearing was held on the merits on February 27, 2012. Following the hearing, the magistrate issued a journal entry addressing all issues relating to Phillips's contempt for lack of compliance with the support order, the appropriate purge requirements, the amount of arrearages, the current support obligations, and a monthly amount due to be applied toward the arrearages. The magistrate found Phillips in contempt, imposed a sentence with an opportunity to purge, and set a purge review hearing for August 22, 2012. The court approved and adopted the magistrate's decision in an entry that was journalized on March 26, 2012.

**{¶3}** As scheduled, on August 22, 2012, the court held the purge review hearing. During this hearing, CSEA presented evidence that Phillips failed to satisfy the purge

[1]Cuyahoga Support Enforcement Agency is now known as Cuyahoga County Job and Family Services.

condition outlined in the court's order of March 26, 2012. CSEA alleges that, despite this evidence, the court, over objection of counsel for CSEA, found that Phillips had met his purge condition. The court then issued an order that was journalized on September 21, 2012. The order stated "the court finds that the defendant has purged the contempt." In this order, the court also provided that "the prior Judgment Entry of Contempt, filed [March 26, 2012], is hereby vacated." CSEA now appeals this decision of the trial court.

## Assignments of Error

{¶4} In appealing the trial court's journalized entry of September 21, 2012, CSEA raises the following assignments of error:

I.    The trial court erred and abused its discretion by sua sponte vacating a prior journal entry in contempt based on its finding that obligor [Phillips] had satisfied the purge conditions contained within the journal entry in contempt.

II.   The trial court erred and abused its discretion by finding that obligor [Phillips] had satisfied the purge conditions contained within the journal entry of contempt.

## Vacating a Final Order

{¶5} In its first assignment of error, CSEA argues that the trial court abused its discretion by sua sponte vacating its prior contempt order. It maintains that the journal entry of contempt, journalized on March 26, 2012, was a final order and, thus, the trial court had no power to vacate it. The entry states that Phillips was found in contempt for

failure to pay court-ordered child support, and a suspended sentence of 15 days was ordered. It further provides that Phillips was to continue to pay child support as previously ordered, and he was afforded the opportunity to purge the suspended sentence.

**{¶6}** A trial court has no authority to sua sponte vacate its own final orders.

> "[A]s a general rule, a trial court has no authority to vacate or modify its final orders sua sponte. Prior to the adoption of the Ohio Rules of Civil Procedure, trial courts possessed the inherent power to vacate their own judgments. Since the adoption of the Civil Rules, however, Civ.R. 60(B) provides the exclusive means for a trial court to vacate a final judgment."

*State v. Thomas*, 8th Dist. No. 98377, 2012-Ohio-5077, ¶ 9, quoting *Dickerson v. Cleveland Metro. Hous. Auth.*, 8th Dist. No. 96726, 2011-Ohio-6437, ¶ 7; *see also In re: R.T.A.*, 8th Dist. No. 98498, 2012-Ohio-5080, ¶ 5.

**{¶7}** Civ.R. 60(B) specifically delineates various means by which a party can obtain relief from a final judgment:

> On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order or proceeding for the following reasons: (1) mistake, inadvertence, surprise or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(B); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation or other misconduct of an adverse party; (4) the judgment has been satisfied, released or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (5) any other reason justifying relief from the judgment.

Civ.R. 60(B); *Thomas* at ¶ 10.

**{¶8}** Moreover, the Ohio Supreme Court recently held that, "absent statutory authority, a trial court is generally not empowered to modify a criminal sentence by reconsidering its own final judgment." *In re: R.T.A.* at ¶ 5, citing *State v. Carlisle*, 131 Ohio St.3d 127, 2011-Ohio-6553, 961 N.E.2d 671. This court has held that a contempt ruling is a final order once there is a finding of contempt and the imposition of a penalty or sanction such as a jail sentence or fine. *In re: R.T.A.* at ¶ 6, citing *Jacobson v. Starkoff*, 8th Dist. No. 80850, 2002-Ohio-7059, ¶ 16, citing *Chain Bike v. Spoke 'N Wheel, Inc.*, 64 Ohio App.2d 62, 64, 410 N.E.2d 802 (8th Dist.1979). This order is final despite the existence of the opportunity to purge the sentence. *Thomas* at ¶ 12, citing *Kapadia v. Kapadia*, 8th Dist. No. 96910, 2012-Ohio-808, ¶ 3-5.[2]

**{¶9}** In this case, neither party filed a motion for relief from judgment pursuant to Civ.R. 60(B) to vacate the journalized entry, nor did they seek to vacate any provision of the court's order of March 26, 2012. The court's order was a final order because it issued a finding of contempt and it imposed the penalty of a suspended sentence. The trial court, therefore, had no authority to sua sponte vacate its prior judgment entry of contempt. For these reasons, CSEA's first assignment of error is sustained.

### Satisfying the Purge Conditions

---

[2]This court previously noted a conflict among the districts regarding whether a contempt judgment with an opportunity to purge is a final appealable order. As stated by the court, we are bound by this court's precedent that holds that such an order is final and appealable. *See In re: R.T.A.* at ¶ 6.

{¶10} CSEA argues, in its second assignment of error, that the trial court abused its discretion by finding that Phillips had satisfied the purge condition set forth in the journal entry of contempt. CSEA asserts that a finding that "the defendant has purged the contempt" is not supported by the evidence presented at the purge review hearing and, therefore, the ruling is against the manifest weight of the evidence. For the reasons that follow, we agree.

{¶11} An abuse of discretion "implies that the court's attitude is unreasonable, arbitrary or unconscionable." *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219, 450 N.E.2d 1140 (1983). In reviewing for abuse of discretion, this court does not substitute its judgment for that of the trial court. *In re Doe*, 57 Ohio St.3d 135, 137, 566 N.E.2d 1181 (1990). Judgments that are supported by "some competent, credible evidence going to all the essential elements of the case will not be reversed by a reviewing court as being against the manifest weight of the evidence." *C.E. Morris Co. v. Foley Constr. Co.*, 54 Ohio St.2d 279, 280, 376 N.E.2d 578 (1978) (citations omitted).

{¶12} On August 22, 2012, the court held the purge review hearing, pursuant to its journalized entry of March 26, 2012. This entry provided that Phillips was found in contempt for failure to pay court-ordered child support and a 15-day suspended sentence was ordered. The entry further provided that Phillips was ordered to continue to pay child support of $202.84 per month, and effective April 1, 2012, Phillips must pay CSEA $40.57 per month, to be applied to current support arrearages in the amount of $5,558.70.

Phillips was given an opportunity to purge the suspended sentence "by voluntarily paying through [CSEA] the amount of $550 [including fees] to be applied toward child support arrears, either as a lump sum or by additional arrears payments equal to this amount, no later than 120 days after the journalization date of this order."

{¶13} During the purge review hearing, the evidence established that Phillips failed to satisfy the purge condition outlined in the court's contempt entry. The record reveals that during the purge period, he paid a total of $928.00, which included a payment of $242 per month, to be applied toward his monthly child support. After applying the monthly child support payments that were due, the amounts that exceeded the monthly child support obligations totaled $138.41. This excess amount was applied toward the arrearages. No other payment was made toward the $550 arrearages that constituted the purge provision. According to the court's journalized contempt entry of March 26, 2012, Phillips was provided the opportunity to purge by voluntarily paying $550.00 either as a lump sum or by additional arrears payments equal to this amount. Phillips testified at the purge review hearing that he "didn't pay the $500" and he "couldn't come up with an extra $500," but he did "pay the $242 per month."

{¶14} Recently, in a factually similar matter, this court held that the trial court abused its discretion in finding that the father-obligor had satisfied the purge conditions when the record "plainly demonstrates that the trial court's determination that 'the defendant has purged the contempt' was not supported by the evidence presented at the

hearing." *In re: M.W.*, 8th Dist. No. 98886, 2013-Ohio-170, ¶ 8-9. In *In re: M.W.*, the evidence demonstrated that the father had paid only $1,008.84 of the $2,000 payment towards arrears as required by the purge conditions outlined in the contempt entry. *Id.* at ¶ 9. Despite this evidence, the trial court determined that the father had purged the contempt. *Id.* at ¶ 10. This court held that such a determination was an abuse of its discretion because the decision was not supported by the evidence.

{¶15} Likewise, this court finds that the record in the instant matter plainly demonstrates the trial court's determination that "the defendant has purged the contempt" was not supported by the evidence presented at the hearing. The trial court, therefore, abused its discretion in concluding that Phillips had purged the contempt. Accordingly, CSEA's second assignment of error is sustained.

{¶16} Judgment reversed and case remanded.

It is ordered that appellant recover of said appellee costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court, juvenile court division, to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
TIM McCORMACK, JUDGE

SEAN C. GALLAGHER, P.J., and
PATRICIA ANN BLACKMON, J., CONCUR