[Cite as *In re A.N.*, 2013-Ohio-3816.]

# Court of Appeals of Ohio

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

### JOURNAL ENTRY AND OPINION
### No. 99744

## IN RE: A.N.

## [Appeal By Cuyahoga County Job And Family Services]

## JUDGMENT:
## REVERSED AND REMANDED

Civil Appeal from the
Cuyahoga County Court of Common Pleas
Juvenile Division
Case No. PR 06702839

**BEFORE:** Blackmon, J., Keough, P.J., and, E.T. Gallagher, J.

**RELEASED AND JOURNALIZED:** September 5, 2013

**ATTORNEYS FOR APPELLANT**

**For Cuyahoga Support Enforcement Agency, n.k.a.,
Cuyahoga County Job and Family Services**

Timothy J. McGinty
Cuyahoga County Prosecutor

By:   Joseph C. Young
C.J.F.S.
Assistant County Prosecutor
P. O. Box 93894
Cleveland, Ohio 44101-5984


**FOR APPELLEES**

L.C., Pro Se
24607 Emery Road
Warrensville Heights, Ohio 44128

M.N., Pro Se
1122 East 68th Street
Cleveland, Ohio 44103

PATRICIA ANN BLACKMON, J.:

{¶1} This cause came to be heard upon the accelerated calendar pursuant to App.R. 11.1 and Loc.R. 11.l. Appellant Cuyahoga County Job and Family Services ("CCJFS") appeals the trial court's judgment dismissing CCJFS's action for child support reimbursement   and assigns the following three errors for our review:

> I.    The trial court erred and abused its discretion by placing on CCJFS-OCSS the burden of proving lack of compliance with purge conditions rather than requiring contemnor to prove he had met and satisfied the purge conditions.

> II.   The trial court erred and abused its discretion by finding that no cause had been demonstrated to impose the suspended sentence.

> III.   The trial court erred and abused its discretion by dismissing the matter
> with prejudice.

{¶2} Having reviewed the record and pertinent law, we reverse the trial court's decision and remand the matter for the trial court to apply the correct burden of proof. The apposite facts follow.

## Facts

{¶3} On April 15, 2010, CCJFS filed a motion to show cause for L.C.'s ("the father") failure to comply with the trial court's August 1, 2007 order obligating him to pay $225.42 per month for child support, plus a two percent   processing fee and to pay $50 per month towards his arrears, plus a two percent processing fee.  The father failed to appear at the September 21, 2010 contempt hearing; therefore, a capias was issued.

{¶4} On November 29, 2011, a hearing was conducted before a magistrate, and the father was found to be in contempt for failure to pay child support.  The magistrate

entered a decision imposing a suspended jail sentence of 25 days, and gave the father the opportunity to purge the contempt by paying $1,000 towards the child support arrears of $15,110.18, within 120 days of the decision. The trial court approved and adopted the entry on January 18, 2012.

{¶5} A purge review hearing was scheduled for August 2, 2012. The father failed to appear; therefore, a capias was issued for his apprehension. The father was not apprehended until February 2013. On February 26, 2013, the purge review hearing was conducted before a visiting judge. The father testified that he worked at the Spice Kitchen & Board, earning $180 week. He claimed he did not recall that the court had ordered him to pay $1,000 to purge his contempt. He stated that for the last four months he had been paying child support through a wage-withholding order at his employment. Prior to that time, except for $100, he had not paid support because he did not have a job.

{¶6} The trial court held as follows in its journal entry.

Upon the further evidence presented, the court finds that the state failed to prove that defendant did not comply with purge conditions. The defendant has been on a wage-withholding order since October 2012 and has been paying his child support. No cause has been demonstrated to impose sentence.
Therefore, this matter is dismissed with prejudice, and the defendant is released from the custody of the Sheriff's Department forthwith.

Journal Entry, Feb. 27, 2013.

## Burden of Proof

{¶7} We will address CCJFS's first and second assigned errors together because they both concern the trial court's finding that there was no evidence that the father

failed to purge the contempt order. CCJFS argues the trial court applied the wrong burden of proof because the father has the burden to show he complied with the purge conditions, not the state. Additionally, CCJFS argues the trial court erred in finding that no cause had been demonstrated to justify the imposition of the suspended sentence because the evidence showed the father did not comply with the purge conditions because he failed to pay $1,000 toward his child support arrears.

{¶8} An appellate court reviews a trial court's decision in contempt proceedings under an abuse of discretion standard. *State ex rel. Ventrone v. Birkel*, 65 Ohio St.2d 10, 11, 417 N.E.2d 1249 (1981). An abuse of discretion implies the trial court's attitude is unreasonable, arbitrary, or unconscionable. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219, 450 N.E.2d 1140 (1983).

{¶9} We conclude the trial court abused its discretion by applying the wrong burden of proof. CCJFS had the initial burden of proving that the father was in contempt for failing to comply with the trial court's child support order. *Bd. of Twp. Trustees. v. Davisson*, 3d Dist. Union No. 14-08-18, 2008-Ohio-5315, ¶ 21. However, once the court found that the father was in contempt and set a purge condition for the contempt, the father had the burden to show that he complied with the purge condition to prevent the imposition of the suspended sentence. *Id.*; *see also Liming v. Damos*, 133 Ohio St.3d 509, 2012-Ohio-4783, 979 N.E.2d 297.

**{¶10}** Also, the court erred by concluding that the father purged the contempt by virtue of the fact he had a wage-withholding order at his place of employment. The trial court stated in its original contempt order:

> [T]he obligor may be purged from this suspended sentence of contempt by voluntarily paying through the Cuyahoga County Child Support Enforcement Agency the amount of $1,000.00, which sum includes a 2% processing fee, to be applied toward support arrears, either as a lump sum or by additional arrears payments equal to this amount, not later than 120 days after the journalization of this order;
>
> This purge order does not relieve the Obligor of paying past, current or future child support, maternity expenses, or medical expenses.

Journal Entry, January 15, 2012. Therefore, the purge condition was the payment of the $1,000 towards the arrears, not the continuing obligation to pay child support.

**{¶11}** Admittedly, the father did state he did not have a job prior to October 2012; therefore, his ability to pay was at issue. However, "it has long been held that in a contempt proceeding, inability to pay is a defense and the burden of proving the inability is on the party subject to the contempt order." *Liming*, 133 Ohio St.3d 509, 2012-Ohio-4783, 979 N.E.2d 297, ¶ 20, citing *State ex rel. Cook v. Cook*, 66 Ohio St. 566, 570, 64 N.E. 567 (1902). Thus, the burden of showing that the contemnor is not able to pay is on the contemnor, not the complainant.

> Placing the burden of showing inability to pay on the party charged with contempt is not unreasonable. As we explained in *Cook*, "[t]he defendant's financial condition and ability to pay were peculiarly within his own knowledge. They could not be known with the same certainty to the

complainant, nor could she easily produce evidence to maintain the proposition were the burden of proof placed upon her." *Id.* at 571; *see also Hicks v. Feiock*, 485 U.S. 624, 637-638, 108 S.Ct. 1423, 99 L.Ed.2d 721 (1988) (placing the burden of proof on the contemnor regarding the ability to pay is constitutionally valid in civil contempt proceedings).

*Id.* at ¶ 20. The imposition of purge conditions that are impossible to perform constitutes an abuse of discretion. *Peach v. Peach*, 8th Dist. Cuyahoga No. 82414, 2003-Ohio-5645, ¶37, citing *Burchett v. Miller*, 123 Ohio App.3d 550, 552, 704 N.E.2d 636 (6th Dist.1997). However, the burden of proving such a defense rests on the party challenging the purge conditions. *Id.*, citing *Pugh v. Pugh*, 15 Ohio St.3d 136, 140, 472 N.E.2d 1085 (1984).

**{¶12}** Accordingly, we sustain CCJFS's first and second assigned errors and remand the matter for the trial court to apply the correct burden of proof in determining whether the father purged the contempt.

## Dismissal with Prejudice

**{¶13}** In its third assigned error, CCJFS argues the trial court erred by dismissing the matter with prejudice.

**{¶14}** Based on our disposition of the first and second assigned errors, this assigned error is moot and need not be addressed. App.R. 12(A)(1)(c).

**{¶15}** Judgment reversed and remanded.

It is ordered that appellant recover from appellee costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate be sent to the juvenile court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
PATRICIA ANN BLACKMON, JUDGE

KATHLEEN ANN KEOUGH, P.J., and
EILEEN T. GALLAGHER, J., CONCUR