[Cite as *State v. Mendez*, 2014-Ohio-1083.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

---

JOURNAL ENTRY AND OPINION
**Nos. 100236 and 100238**

---

# STATE OF OHIO, CJFS-OCSS, EX REL., CARMEN ROBLES

PLAINTIFF-APPELLANT

vs.

# JOSE MENDEZ

DEFENDANT-APPELLEE

---

## JUDGMENT:
REVERSED AND REMANDED

---

Civil Appeal from the
Cuyahoga County Court of Common Pleas
Juvenile Division
Case Nos. PR 08730890 and PR 08730891

**BEFORE:**  McCormack, J., Jones, P.J., and E.T. Gallagher, J.

**RELEASED AND JOURNALIZED:**  March 20, 2014

**ATTORNEYS FOR APPELLANT**

Timothy J. McGinty
Cuyahoga County Prosecutor

Daniel A. Starett
Assistant County Prosecutor
CJFS-OCSS
P.O. Box 93894
Cleveland, OH 44101-5984


**FOR APPELLEE**

Jose Mendez, pro se
3400 West 4th Street, Down
Cleveland, OH 44102


**ALSO LISTED**

Carmen Robles
3625 West North Ave., 2nd Floor
Chicago, IL 60647

TIM McCORMACK, J.:

{¶1} This consolidated appeal is before the court on the accelerated calendar pursuant to App.R. 11.1 and Loc.R. 11.1. Plaintiff-appellant, Cuyahoga County Job and Family Services — Office of Child Support Services ("CJFS"), appeals the juvenile court's judgment dismissing CJFS's contempt action in a child support matter against Jose Mendez.[1]

{¶2} This appeal closely resembles a series of appeals where the juvenile court improperly vacated a prior judgment of contempt and/or dismissed the contempt proceeding after a finding, unsupported by the evidence, that the contemnor had satisfied the purge conditions. *In re M.W.*, 8th Dist. Cuyahoga No. 98886, 2013-Ohio-170; *In re D.R.M.*, 8th Dist. Cuyahoga No. 98633, 2012-Ohio-5422; *In re W.R.P.*, 8th Dist. Cuyahoga No. 99010, 2013-Ohio-702; *In re A.N.*, 8th Dist. Cuyahoga No. 99744, 2013-Ohio-3816. In this appeal, as in those prior appeals, we find the juvenile court to have abused its discretion. Therefore, we reverse and remand the matter for further proceedings consistent with this opinion.

---

[1] There are two lower case numbers, PR 08730890 (8th Dist. Cuyahoga No. 100238) and PR 08730891 (8th Dist. Cuyahoga No. 100236), which relate to Mendez's two children, M.M. and J.M., respectively. We granted the motion by appellant and consolidated the two appeals for briefing, hearing, and disposition.

## Procedural History

{¶3} In May 2008, Mendez was ordered by the juvenile court to pay $137.33 (including a 2 percent processing fee) in child support each month for each of his two children, M.M. and J.M. He failed to make any payments as ordered.

{¶4} Three years later, on May 5, 2011, CJFS (formerly known as Cuyahoga County Support Enforcement Agency or "CSEA") filed a motion to show cause relating to Mendez's failure to pay the court-ordered child support. Mendez failed to appear at the show cause hearing scheduled on August 21, 2012, and the court ordered a capias. He was subsequently apprehended, and a hearing before the magistrate on the show cause motion was held on October 9, 2012. Mendez's child support arrears was $7,150.19, per child, as of September 30, 2012.

{¶5} At the October 9, 2012 show cause hearing, the magistrate found Mendez in contempt for failing to pay child support pursuant to the 2008 court order. The trial court adopted the magistrate's decision and issued a judgment of contempt on November 5, 2012.

{¶6} In its judgment, the court ordered Mendez to continue to pay $137.33 per month, per child, for his current child support, and $27.67 per month, per child, toward the arrears of $7,150.19. Furthermore, the court found Mendez in contempt and sentenced him to a suspended jail term of 15 days for each of the two cases, to be served consecutively. The court, however, allowed him to purge his sentence by paying an

additional $700, in each case, toward the arrears, either as a lump sum, or by additional arrears equal to this amount, within 120 days of the order. The court set the matter for a purge review hearing on June 13, 2013.

{¶7} On June 13, 2013, the purge review hearing was held. Mendez testified he paid $400, $200 in each case, on November 9, 2012, but did not make any more payments until he started working in January 2013, when his employer began to withdraw $38.03 per case from each of his weekly paychecks. Mendez also testified he made an additional payment of $300, $150 for each case, two days before the June 13, 2013 hearing. After the hearing, the court entered a judgment entry in each case, stating, in part:

> The Defendant paid $400.00 of his purge requirement on November 9, 2012 and has been paying $38.00 per week on a wage withholding order since January 2013 through the present. The Defendant also paid an extra $200 in child support two days prior to this hearing. The purpose of contempt has been fulfilled, namely, to coerce the Defendant into paying child support. The prosecutor's insistence on the Defendant's incarceration at this time is an abusse [sic] of prosecutorial discretion.

> Therefore, the matter is dismissed.

{¶8} CJFS appeals from the court's judgment, raising three assignments of error:[2]

---

[2]We note, initially, that CJFS has been permitted to appeal from an order finding that contempt has been purged. *In re M.W.*, 8th Dist. Cuyahoga No. 98886, 2013-Ohio-170; *In re D.R.M.*, 8th Dist. Cuyahoga No. 98633, 2012-Ohio-5422; *In re W.R.P.*, 8th Dist. Cuyahoga No. 99010, 2013-Ohio-702; *In re A.N.*, 8th Dist. Cuyahoga No. 99744, 2013-Ohio-3816.

I. The trial court erred and abused its discretion by failing to make a ruling as to whether or not the contemnor had satisfied the purge conditions and thus purged the suspended contempt sentence.

II. The trial court erred and abused its discretion by dismissing the matter.

III. The trial court erred and abused its discretion by finding that the assistant prosecuting attorney present at the purge review hearing had engaged in prosecutorial misconduct by abusing its prosecutorial discretion."

{¶9} We review a trial court's decision in contempt proceedings for an abuse of discretion. *In re A.N.*, 8th Dist. Cuyahoga No. 99744, 2013-Ohio-3816, at ¶ 8, citing *State ex rel. Ventrone v. Birkel*, 65 Ohio St.2d 10, 11, 417 N.E.2d 1249 (1981). An abuse of discretion implies the trial court's attitude is unreasonable, arbitrary, or unconscionable. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219, 450 N.E.2d 1140 (1983).

{¶10} Because the first and second assignments of error are related, we address them together. We begin our review with noting that "[a] purge hearing is not a new contempt proceeding but a conclusion of the originating contempt hearing, because its purpose is to determine whether the contemnor has satisfied the purge conditions." *Liming v. Damos*, 133 Ohio St.3d 509, 2012-Ohio-4783, 979 N.E.2d 297, ¶ 16. "If the conditions are unfulfilled, the court is entitled to enforce the sentence already imposed, the sanction that could have been avoided by the contemnor's compliance." *Id.* "The

only issue left for the purge hearing is whether the contemnor complied with the purge requirements." *Id*.

**{¶11}** Furthermore, once the trial court finds the child support obligor in contempt and sets a purge condition for the contempt, the burden is on the obligor to show that he or she has complied with the purge condition to prevent the imposition of the suspended sentence. *In re A.N.*, 8th Dist. Cuyahoga No. 99744, 2013-Ohio-3816, at ¶ 9.

**{¶12}** As such, at the June 13, 2013 purge review hearing, the only issue for the juvenile court to resolve was whether Mendez proved that he had complied with the purge conditions, which required him to pay an additional $700 toward his arrears of $7,150.19 (in each case) within 120 days of the contempt judgment.

**{¶13}** Several factual errors appear on the trial court's judgment entry. The trial court erroneously stated that Mendez paid $400 in each case on November 9, 2012, when Mendez himself testified that he paid $200 in each case. The court also erroneously stated that he paid an additional $200 in each case two days before the June 13, 2013 trial, when in fact he paid $150 in each case according to his own testimony.

**{¶14}** In any event, the November 5, 2012 contempt judgment required Mendez to make an additional payment of $700 towards the arrears of $7,150.19, in each case, within 120 days of the contempt judgment. The payments made by Mendez in an attempt to purge the contempt appeared to be too little too late, falling short of the purge conditions.

{¶15} The trial court, however, dismissed the contempt matter, reasoning that "[t]he purpose of contempt has been fulfilled, namely, to coerce the Defendant into paying child support." The trial court's view of contempt proceedings does not accurately reflect the pertinent law.

{¶16} Rather, "[t]he purpose of civil contempt proceedings is to secure the dignity of the courts and the uninterrupted and unimpeded administration of justice." *Pugh v. Pugh*, 15 Ohio St.3d 136, 140, 472 N.E.2d 1085 (1984). In the child support context, the purpose of the contempt order is to compel the obligor – contemnor to comply with the court order, including the purge conditions — not merely to coerce the contemnor into paying *some* child support, as the trial court seemed to believe.

{¶17} Thus, the trial court abused its discretion in dismissing the contempt matter by finding "the purpose of contempt has been fulfilled" when Mendez only made a partial lump sum amount and had a wage withholding order at his place of employment. A partial payment and/or a continuing obligation to pay child support does not purge the contempt. *In re A.N.*, 8th Dist. Cuyahoga No. 99744, 2013-Ohio-3816, at ¶ 10. The trial court's dismissal of the matter is unwarranted especially in light of the circumstances of this case — Mendez failed to make any payments between 2008 and 2011 and a capias had to be ordered to secure his presence at the show cause hearing.

{¶18} We recognize that in a contempt proceeding, inability to pay is a defense. *Liming*, 133 Ohio St.3d 509, 2012-Ohio-4783, 979 N.E.2d 297, at ¶ 20. However, the

burden of proving the inability to pay is on the party subject to the contempt order. *Id*. Our review of the purge review hearing does not reflect that Mendez raised that defense, much less proved it.

{¶19} A contempt action is an action of last resort. It was precipitated here by the obligor's complete failure to obey the original order resulting in the arrogant ignoring of a court order to support his children's most basic needs. The court did not resort to contempt proceedings until all more civil entreaties had failed to capture the attention of the neglecting party.

{¶20} In order for the child support network of laws to be viable and effective, there must be recognized and shared clarity of purpose. For the sake of children, the law must be obeyed — not sometimes, not once in awhile, not when one gets around to it.

{¶21} Here, the father of two children knowingly ignored his children's basic needs, ignoring multiple court orders. As a last resort, the court issued a contempt citation against him. After the contemnor responded partially to the stick where the carrot failed, the trial court dismissed the contempt proceeding, tossing out a history of noncompliance as well as remedial measures, following a brief exchange with the contemnor. Not only was Mendez relieved of his prior orders in one fell swoop but all others watching could now believe that some or a little compliance in the future will be good enough. The court's action in this case creates confusion and sows disrespect for its own orders.

**{¶22}** For these reasons, we sustain the first and second assignment of error, and remand the case to the trial court. Upon remand, the trial court is to make a finding regarding whether Mendez satisfied the purge conditions and to fully resolve this matter by carrying its own judgment of contempt into effect.

**{¶23}** Under the third assignment of error, CJFS contends the court improperly found the prosecutor to have abused prosecutorial discretion by "insisting on the Defendant's incarceration" at the purge review hearing.

**{¶24}** The transcript of the purge review hearing contains the following colloquy between the trial judge and the assistant prosecuting attorney:

| | |
|---|---|
| THE COURT:: | Okay. The court finds that — are you asking for incarceration of 30 days, Mr. [assistant prosecuting attorney]? |
| ASSISTANT PROSECUTOR: | At this time, Your Honor, I would leave it to the Court's discretion to — |
| THE COURT: | That's not my question to you. Is the State asking that Mr. Mendez be incarcerated for a period of 30 days? |
| ASSISTANT PROSECUTOR: | At this time, your Honor, I'm just asking that you do what the journal entries stated we do. |
| THE COURT: | Mr. [assistant prosecuting attorney], if you're not asking for incarceration, say so. If you are, say so. |
| ASSISTANT PROSECUTOR: | Our office isn't here to ask for incarceration or not ask for incarceration, Your Honor. We're asking --- |

THE COURT: If you're not asking for incarceration, then you're not asking for it.

ASSISTANT
PROSECUTOR: Your Honor —

THE COURT: There's no purpose —

ASSISTANT
PROSECUTOR: — I'm not requesting that the sentence —

THE COURT: Don't interrupt me. Mr. [assistant prosecuting attorney].

ASSISTANT
PROSECUTOR: I'm sorry.

THE COURT: There's no purpose for the review hearing unless you're seeking incarceration.

ASSISTANT
PROSECUTOR: Your Honor, I don't believe that's the purpose of the purge review hearing, but if that's what you believe —

THE COURT: Well, what do you think the purpose of the review hearing is?

ASSISTANT
PROSECUTOR: According to the journal entry, at the time of the purge review hearing the Court will accept and review evidence, and determine whether the suspended sentence has been successfully purged or should be ordered into execution.

THE COURT: Well, the question is, Mr. [assistant prosecuting attorney], are you asking that this man be incarcerated?

ASSISTANT

PROSECUTOR: Your Honor, I'm making no request as to whether or not he be incarcerated.

THE COURT: Okay. If you're not making a request for incarceration, Mr. Mendez, you're free to go.

The Court further finds that this hearing that you're insisting upon is frivolous. You already have before you that Mr. Mendez paid $400 per case in a timely fashion. You already have before you that Mr. Mendez has a job. You already have before you that he is paying child support on a regular basis through wage withholding. You have before you that he paid the additional $300 per case just a couple days ago.

So what is your purpose here today, Mr. [assistant prosecuting attorney], seeking incarceration of this man? The purpose of the civil contempt has been fulfilled. He's paying his child support.

{¶25} Our review of the transcript reflects that the trial court was misguided in believing that, unless the prosecutor sought incarceration of the contemnor, there would be no purpose for holding a purge review hearing. As the Supreme Court of Ohio explained, the purpose of such a hearing is to "determine whether the contemnor has satisfied the purge condition," and, if the conditions are unfulfilled, the trial court "is entitled to enforce the sentence already imposed." *Liming*, 133 Ohio St.3d 509, 2012-Ohio-4783, 979 N.E.2d 297, at ¶ 16.

{¶26} The trial court was off the mark in stating that the prosecutor's "insistence" on the review hearing was "frivolous." The purge review hearing was ordered in the trial court's own judgment of contempt; as such, the prosecutor has no discretion

regarding whether the hearing would be held. Furthermore, we find the trial court inappropriately stated in its judgment that "[t]he the prosecutor's insistence on the Defendant's incarceration at this time is an abuse of prosecutorial discretion." Our review of the record shows the prosecutor did *not* ask the trial court to incarcerate the defendant. Rather, the prosecutor advised the trial court, rather properly, that it was the court's duty to determine whether the defendant satisfied purge conditions and whether the suspended sentence should be ordered into execution. We fail to see any improper conduct engaged in by the prosecutor at the hearing. The third assignment of error is sustained.

**{¶27}** Finding merit to the appeal, we reverse the trial court's judgment and remand the case for further proceedings consistent with this opinion.

It is ordered that appellant recover of said appellee costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court, juvenile court division, to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
TIM McCORMACK, JUDGE

LARRY A. JONES, SR., P.J., and

EILEEN T. GALLAGHER, J., CONCUR