[Cite as *In re R.T.A.*, 2012-Ohio-5080.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

---

JOURNAL ENTRY AND OPINION
**No. 98498**

---

# IN RE:   R.T.A.

# [APPEAL BY CUYAHOGA SUPPORT ENFORCEMENT AGENCY]

---

**JUDGMENT:**
REVERSED AND REMANDED

---

Civil Appeal from the
Cuyahoga County Court of Common Pleas
Juvenile Division
Case No. PR 00700489

**BEFORE:**   Cooney, J., Boyle, P.J., and Kilbane, J.

**RELEASED AND JOURNALIZED:**   November 1, 2012

**ATTORNEYS FOR APPELLANT**

**For C.S.E.A., et al.**

Timothy J. McGinty
Cuyahoga County Prosecutor

By: Joseph C. Young
Assistant County Prosecutor
C.S.E.A.
P.O. Box 93894
Cleveland, OH 44101-5984

**For Angela Adkins**

Angela Adkins
3501 East 104th Street
Cleveland, OH 44105


**FOR APPELLEE**

Reginald Peck, pro se
2175 East 46th Street
Cleveland, OH 44103

COLLEEN CONWAY COONEY, J.:

**{¶1}** This case came to be heard upon the accelerated calendar pursuant to App.R. 11.1 and Loc.R. 11.1. Plaintiff-appellant Cuyahoga Support Enforcement Agency ("CSEA") appeals the trial court's sua sponte dismissal of its prior contempt order finding defendant-appellee, Reginald Peck ("Peck"), in contempt for failure to pay child support. We find merit to the appeal and reverse.

**{¶2}** CSEA filed a motion to show cause related to Peck's failure to pay court-ordered child support. The court conducted a hearing on the merits of the motion in July 2011. Following the hearing, the magistrate issued a journal entry reciting Peck's lack of compliance with an existing support order, the appropriate purge requirements, the amount of arrearages, and a monthly amount due to be applied toward arrearages. The magistrate found Peck in contempt, imposed a suspended sentence with an opportunity to purge, and set a purge review hearing for April 11, 2012. The court adopted and approved the magistrate's decision in an entry journalized August 16, 2011.

**{¶3}** On April 11, 2012, the court held the purge review hearing. Counsel for CSEA informed the court that Peck had fulfilled the purge requirements, a wage attachment was in place, and CSEA was receiving monthly payments from him. Based on this information, the court indicated on the record that it would deem the "cases with Mr. Peck purged." Thereafter, the court issued a journal entry finding that Peck had purged the contempt and dismissing CSEA's motion to execute sentence with prejudice

and ordering that the journal entry of contempt dated August 16, 2011 be vacated. This appeal followed, involving only the court's vacating the prior contempt order.

{¶4} In its sole assignment of error, CSEA argues the trial court abused its discretion by sua sponte vacating its prior contempt order based on its finding that the obligor had satisfied the purge conditions. It contends the trial court lacked authority to sua sponte vacate its own prior contempt order. No challenge is raised regarding Peck's purging the contempt.

{¶5} A trial court has no authority to sua sponte vacate its own final orders. *Dickerson v. Cleveland Metro. Hous. Auth.*, 8th Dist. No. 96726, 2011-Ohio-6437, ¶ 7, citing *Rice v. Bethel Assoc., Inc.*, 35 Ohio App.3d 133, 520 N.E.2d 26 (9th Dist.1987). Since the adoption of the Civil Rules, Civ.R. 60(B) provides the exclusive means for a trial court to vacate a final judgment. *Rice* at 134. The Ohio Supreme Court recently held that, absent statutory authority, a trial court is generally not empowered to modify a criminal sentence by reconsidering its own final judgment. *State v. Carlisle*, 121 Ohio St.3d 127, 2011-Ohio-6553, 961 N.E.2d 671.

{¶6} A contempt ruling is a final order once there is a finding of contempt and the imposition of a penalty or sanction such as a jail sentence or fine. *Jacobson v. Starkoff*, 8th Dist. No. 80850, 2002-Ohio-7, ¶ 16, citing *Chain Bike v. Spoke N' Wheel, Inc.*, 64 Ohio App.2d 62, 64, 410 N.E.2d 802 (8th Dist.1979). Although there is a conflict among Ohio courts as to whether the imposition of the penalty renders the

contempt order a final appealable order where the penalty is suspended and the contemnor has an opportunity to purge the contempt, we are bound by this court's precedent that holds that such an order is final and appealable.[1] *McCrea*. Therefore, because the August 16, 2011 contempt order was a final appealable order, the trial court lacked authority to sua sponte vacate it.

{¶7} Accordingly, the sole assignment of error is sustained.

{¶8} Judgment reversed and case remanded for reinstatement of the August 16, 2011 judgment entry.

It is ordered that appellant recover of said appellee costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court, juvenile court division, to carry this judgment into execution.

---

[1] The Fifth, Sixth, and Eighth Districts hold that a contempt order is a final appealable order if it includes both a finding of contempt and the imposition of a penalty, even though the order contains purge conditions. *McCrea v. McCrea*, 8th Dist. No. 51324, 1986 Ohio App. LEXIS 9138 (Nov. 20, 1986); *Strong v. Strong*, 6th Dist. No. L-01-1464, 2002-Ohio-234; *Peterson v. Peterson*, 5th Dist. No. CT2003-0049, 2004-Ohio-4714.

However, the Eleventh District follows the proposition that where a contemnor still has an opportunity to purge the contempt by performing the required act, a contempt judgment is not a final appealable order. *Cooke v. Cooke*, 11th Dist. No. 2005-G-2631, 2005-Ohio-2262; *Davis v. Davis*, 11th Dist. No. 2004-G-2572, 2004-Ohio-4390, ¶ 2. The Sixth District noted this conflict in *In re J.Z.*, 6th Dist. No. H-11-003, 2012-Ohio-1105.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of

the Rules of Appellate Procedure.


_____
COLLEEN CONWAY COONEY, JUDGE

MARY J. BOYLE, P.J., and
MARY EILEEN KILBANE, J., BOTH CONCUR IN JUDGMENT ONLY