[Cite as *Aurora Loan Servs., L.L.C. v. Phillips*, 2012-Ohio-5377.]

COURT OF APPEALS
KNOX COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | |
|---|---|
| AURORA LOAN SERVICES, LLC | JUDGES:<br>Hon. Patricia A. Delaney, P.J. |
| Plaintiff-Appellee | Hon. W. Scott Gwin, J.<br>Hon. William B. Hoffman, J. |
| -vs- | |
| | Case No. 12-CA-4 |
| SUZANNA PHILLIPS, ET AL. | |
| Defendants-Appellants | O P I N I O N |

CHARACTER OF PROCEEDING:     Appeal from the Knox County Common
                              Pleas Court, Case No. 08 FR11-0677

JUDGMENT:                     Affirmed

DATE OF JUDGMENT ENTRY:       November 15, 2012

APPEARANCES:

For Plaintiff-Appellee                  For Defendants-Appellants
Aurora Loan Services

KRISTI L. PALLEN                        JAMES R. DOUGLASS
Reimer, Arnovitz, Chernek & Jeffrey     James R. Douglass Co. LPA
P.O. Box 968                            20521 Chagrin Blvd., Suite D
2450 Edison Blvd                        Shaker Heights, Ohio 44122
Twinsburg, Ohio 44087

For Farmers and Savings Bank

DANIEL G. FINDLEY
60 West Second Street
P.O. Box 127
Ashland, Ohio 44805

AMELIA A. BOWER
DAVID VAN SLYKE
Plunkett Cooney
300 East Broad Street, Suite 590
Columbus, Ohio 43215

*Hoffman, J.*

{¶1} Defendants-appellants Suzanna Phillips and Charles Phillips appeal the January 23, 2012 Judgment entered by the Knox County Court of Common Pleas, which denied their Motion to Vacate the Confirmation of Sheriff's Sale. Plaintiff-appellee is Aurora Loan Services, LLC.

STATEMENT OF THE CASE

{¶2} Appellants owned a 33.066 acre parcel of land known as 21543 Shadley Valley Road, Danville, Knox County, Ohio. On November 17, 2008, Aurora Loan filed a Complaint to foreclosure on said property. Farmers and Savings Bank filed an Answer on December 2, 2008, asserting an interest in 4.299 acres of the 33.066 acre parcel, and demanding such interest be protected and accorded priority.

{¶3} On October 20, 2009, Farmers and Savings Bank filed a cross-claim against Appellants, seeking judgment on a $150,000 promissory note and foreclosure of the corresponding mortgage relative to the 4.299 acre portion of the total parcel. Appellee agreed to release its mortgage as to the 4.299 acres and submitted a proposed legal description for approval by the Know County Tax Map Department, showing its intent to foreclose on the 33.066 acre parcel less the 4.299 acres. The Tax Map Department indicated it would accept a legal description which included a "save and except" clause.

{¶4} On January 21, 2010, Appellee filed a request for entry on the land in order for a survey to be conducted as a condition precedent to a new legal description of the property. The trial court granted the request. Appellants did not oppose the request. On January 27, 2010, Appellants filed a pro se motion for leave to plead. The

trial court overruled the motion, however, Appellants filed their answer. The trial court sustained Appellee's motion to strike, and subsequently granted a default judgment of foreclosure on May 28, 2010.

{¶5} On September 16, 2010, the day before the scheduled sheriff's sale, Appellants filed an emergency motion to stay the sale, to vacate the judgment of foreclosure as void ad initio, and to dismiss for lack of standing. The trial court overruled the motions, and the sale proceeded. The trial court issued an order confirming the sale on October 27, 2010. Appellants filed a motion to vacate the confirmation of the sheriff's sale on November 4, 2010.

{¶6} Before the court ruled on the motion, Appellants filed a Notice of Appeal from the court's judgment entry confirming the sale and ordering distribution. This Court affirmed the judgment of the Knox County Court of Common Pleas, finding Appellants' Notice of Appeal was taken from the judgment entry confirming the sale, and issues relative to the foreclosure process and decree could not be raised in an appeal from such order. *Aurora Loan Serv. v. Phillips,* 2011-Ohio-2954.

{¶7} Thereafter, Appellants filed a supplement to the motion to vacate, alleging "the property that has been foreclosed upon is different than the property that was subject to Defendants' mortgage" and the "Court never acquired in rem jurisdiction over the property that was sold by the sheriff." Defendant's [sic] Supplement to Motion to Vacate Confirmation of Sheriff's Sale at 3. Appellee opposed Appellants' supplement. Farmers and Savings Bank filed a motion for summary judgment on its cross-claim against Appellants on October 14, 2011.

{¶8} Via Judgment filed January 23, 2012, the trial court denied Appellants' supplement. The trial court noted the Tax Map Department had rejected the legal description of the parcel attached to Appellee's Complaint, and approved a new legal description, which accompanied the Confirmation of Sheriff's Sale and the Notice of Sale. Also, on January 23, 2012, the trial court granted summary judgment in favor of Farmer and Savings Bank.

{¶9} It is from the January 23, 2012 Judgment Appellants appeal, raising as error:

{¶10} "I. THE TRIAL COURT ERRED WHEN IT SOLD THE PROPERTY AT SHERIFF'S SALE NOT DESCRIBED IN THE FORECLOSURE DEED BEFORE THE COURT."

I

{¶11} Appellants assert the trial court erred in failing to vacate its order confirming the sheriff's sale as the property foreclosed upon was different from the property secured by the mortgage. In essence, Appellants are asking this Court to review the propriety of the May 28, 2010 Judgment Entry, which ordered foreclosure of the property.

{¶12} A decree and judgment of foreclosure is a final appealable order. *Third Natl. Bank v. Speakman* (1985), 18 Ohio St.3d 119, 120, citing *Oberlin Savings Bank v. Fairchild* (1963), 175 Ohio St. 311; *Ohio Dept. of Taxation v. Plickert* (1998), 128 Ohio App.3d 445, 446-47. To perfect an appeal from a final appealable order, an appellant must file a notice of appeal within the time period prescribed in App.R. 4(A). Failure to comply with App.R. 4(A) is a jurisdictional defect and is fatal to any appeal. *In re H.F.,*

120 Ohio St.3d 499, 2008-Ohio-6810, ¶ 17; *Bond v. Village of Canal Winchester,* 10th Dist. No. 07AP-556, 2008-Ohio-945, ¶ 11.

{¶13} Appellants did not appeal the trial court's default judgment of foreclosure. Instead, Appellants' instant appeal arises from the trial court's denial of their motion to vacate the confirmation of the sale.

{¶14} We find Appellants could have or should have raised any issues as to the validity of the legal description of the parcel in its prior appeal of the confirmation order. Having failed to do so, we find the issue is barred by res judicata and may not be collaterally raised via a motion to vacate. Furthermore, as the complete parcel of land was subject to foreclosure, albeit by different banks, any error in the legal description of the property did not prejudice or harm Appellants as both banks' right to foreclose has been judicially determined.

{¶15} Appellants' sole assignment of error is overruled.

{¶16} The judgment of the Knox County Court of Common Pleas is affirmed.

By: Hoffman, J.

Delaney, P.J. and

Gwin, J. concur

s/ William B. Hoffman_____
HON. WILLIAM B. HOFFMAN


s/ Patricia A. Delaney_____
HON. PATRICIA A. DELANEY


s/ W. Scott Gwin_____
HON. W. SCOTT GWIN

IN THE COURT OF APPEALS FOR KNOX COUNTY, OHIO
FIFTH APPELLATE DISTRICT

AURORA LOAN SERVICES, LLC          :
                                    :
    Plaintiff-Appellee              :
                                    :
-vs-                                :          JUDGMENT ENTRY
                                    :
SUZANNA PHILLIPS, ET AL.            :
                                    :
    Defendants-Appellants           :          Case No. 12-CA-4


For the reasons stated in our accompanying Opinion, the judgment of the Knox

County Court of Common Pleas is affirmed.  Costs to Appellants.




s/ William B. Hoffman_____
HON. WILLIAM B. HOFFMAN


s/ Patricia A. Delaney _____
HON. PATRICIA A. DELANEY


s/ W. Scott Gwin_____
HON. W. SCOTT GWIN