[Cite as *BAC Home Loans Servicing, LP v. Henderson*, 2013-Ohio-275.]

# Court of Appeals of Ohio

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

---

JOURNAL ENTRY AND OPINION
**No. 98745**

---

# BAC HOME LOANS SERVICING, LP

PLAINTIFF-APPELLANT

vs.

# DWAYNE R. HENDERSON, ET AL.

DEFENDANTS-APPELLEES

---

## JUDGMENT:
### REVERSED AND REMANDED

---

Civil Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CV-703485

**BEFORE:**    Keough, J., Jones, P.J., and Blackmon, J.

**RELEASED AND JOURNALIZED:**    January 31, 2013

**ATTORNEYS FOR APPELLANT**

Matthew T. Anderson
Timothy M. Clayton, Jr.
Brett M. Renzenbrink
Luper Neidenthal & Logan
50 West Broad Street
Suite 1200
Columbus, Ohio    43215

**ATTORNEYS FOR APPELLEES**

**For Dwayne R. Henderson**

John Sherrod
Laura Mills
Paul Vincent
Mills, Mills, Fiely & Lucas
503 South Front Street
Suite 240
Columbus, Ohio    43215

**For Centurion Capital Corp.**

Centurion Capital Corp.
700 King Farm Blvd.
Rockville, Maryland    20850

**For Alishea T. Henderson**

Alishea T. Henderson
5188 Spencer Road
Lyndhurst, Ohio    44124

**For St. Colman & Affiliates F.C.U.**

St. Colman & Affiliates F.C.U.
6637 Lorain Avenue
Cleveland, Ohio    44102

**For State of Ohio Department of Taxation**

Joseph T. Chapman
Collections Enforcement
150 E. Gay Street, 21st Floor
Columbus, Ohio    43215

**For Unknown Tenant**

Unknown Tenant
5188 Spencer Road
Lyndhurst, Ohio    44124

KATHLEEN ANN KEOUGH, J.:

**{¶1}** Plaintiff-appellant, BAC Home Loans Servicing ("BAC") appeals from the trial court's judgment that vacated a prior foreclosure decree against defendant-appellee, Dwayne R. Henderson ("Henderson"), and dismissed BAC's complaint without prejudice. For the reasons that follow, we reverse and remand.

## I. Background

**{¶2}** In September 2009, BAC filed its complaint in foreclosure alleging that it was the owner of a note secured by a mortgage on property located at 5188 Spencer Road, Lyndhurst, Ohio 44124, Henderson had defaulted on the note, and BAC was entitled to foreclose on the mortgage. Henderson did not answer the complaint[1] and BAC subsequently filed a motion for default judgment. The matter was referred to a magistrate, who issued a decision entering judgment for BAC on its motion. On April 15, 2010, the trial court issued a journal entry adopting the magistrate's decision. The court ordered judgment for BAC against Henderson, entered a decree of foreclosure, and ordered that BAC could proceed to sheriff's sale of the property.

**{¶3}** A sale date was set for June 21, 2010, but two days prior to the sale, Henderson filed a Chapter 13 petition for bankruptcy. Accordingly, the sale was withdrawn and the proceedings were stayed. After Henderson's bankruptcy case was dismissed, the property was again set for sheriff's sale on June 11, 2012.

---

[1]Defendant State of Ohio, Department of Taxation, was the only defendant that answered the complaint; the department disclaimed any interest in the property and was dismissed.

**{¶4}** Henderson then filed a request for mediation. On May 30, 2012, the trial court denied Henderson's request and ordered that BAC could proceed to execute on its judgment.

**{¶5}** Henderson then filed another request for mediation. On June 7, 2012, the trial court entered an order finding that the case might be suitable for mediation and staying all discovery and motion practice pending the mediator's final determination regarding suitability for mediation. The trial court ordered that the case would be set for a pre-mediation conference by separate order, and further ordered that "failure of plaintiff's counsel to appear will result in the 04/15/10 judgment being vacated, and dismissal of all claims without prejudice." The court ordered the property sale to proceed but stayed confirmation of the sale pending the results of mediation.

**{¶6}** On June 12, 2012, the trial court issued a journal entry setting the pre-mediation conference for July 2, 2012 and again ordering that "failure of the plaintiff's counsel to appear in person at the pre-mediation conference will result in dismissal of the plaintiff's claims without prejudice."

**{¶7}** BAC's counsel did not appear at the pre-mediation conference. On July 3, 2012, the trial court issued a journal entry ordering that "pursuant to this court's order dated June 7, 2012, the judgment and decree of foreclosure dated 4-15-10 and the sheriff's sale of 6-11-12 are vacated." The court ordered the sheriff to return the order of sale without execution and to mark as void any deed that had been prepared as a result of the sale. Finally, the trial court ordered that BAC's claims were dismissed without prejudice.

## II. Analysis

{¶8} BAC raises three assignments of error, all of which challenge the trial court's July 3, 2012 journal entry. In its first assignment of error, BAC argues that the trial court erred in sua sponte vacating its April 15, 2010 judgment and decree of foreclosure; in its second assignment, BAC contends that the trial court erred in sua sponte vacating the sheriff's sale; and in its third assignment, BAC contends that the trial court erred in sua sponte dismissing its foreclosure action. We agree with all of BAC's contentions.

{¶9} The trial court's April 15, 2010 judgment ordering foreclosure and sale of the property was a final, appealable order. *Sky Bank v. Mamone*, 182 Ohio App.3d 323, 2009-Ohio-2265, 912 N.E.2d 668, ¶ 25 (8th Dist.), citing *Smith v. Najjar*, 163 Ohio App.3d 208, 2005-Ohio-4720, 837 N.E.2d 419, ¶ 10 (5th Dist.) ("An order of foreclosure and sale is a final appealable order, * * * and the later order confirming the sale * * * is a second, separate, final appealable order."); *see also Mtge. Elec. Reg. Sys., Inc. v. Harris-Gordon*, 6th Dist. No. L-10-1176, 2011-Ohio-1970, ¶ 10 (both the order of foreclosure and the order confirming the sheriff's sale are final, appealable orders).

{¶10} A trial court has no authority to sua sponte vacate its own final orders. *In re R.T.A.*, 8th Dist. No. 98498, 2012-Ohio-5080, ¶ 5, citing *Dickerson v. Cleveland Metro. Hous. Auth.*, 8th Dist. No. 96726, 2011-Ohio-6437, ¶ 7. Since the adoption of the Civil Rules, Civ.R. 60(B) provides the exclusive means for a trial court to vacate a final judgment. *In re R.T.A., supra*, citing *Rice v. Bethel Assoc., Inc.,* 35 Ohio App.3d

133, 520 N.E.2d 26 (9th Dist.1987); *In re D.R.M.*, 8th Dist. No. 98633, 2012-Ohio-5422, ¶ 7.

{¶11} Here, neither party filed a Civ.R. 60(B) motion for relief from judgment nor asked the court to vacate any of the provisions of the court's April 15, 2010 judgment. Accordingly, the trial court erred in sua sponte vacating its judgment of foreclosure in favor of BAC and in sua sponte vacating the sheriff's sale.

{¶12} Henderson concedes that a court is without authority to sua sponte vacate its final judgments but argues that the trial court had authority in this case to dismiss the foreclosure action without prejudice because the court gave notice that the matter would be dismissed if the parties failed to appear at the pre-mediation conference. Henderson's argument is without merit. Because the trial court had entered a judgment of foreclosure for BAC and ordered the property to be sold at sheriff's sale — a final judgment — the court was without authority to sua sponte vacate its judgment and dismiss the case. Henderson's remedy upon the trial court's order of foreclosure and sale was to file an appeal or a Civ.R. 60(B) motion for relief from judgment in the trial court. Because he did not file a Civ.R. 60(B) motion, the trial court was without authority to sua sponte vacate its final judgment of foreclosure and sale and dismiss the case.

{¶13} BAC's assignments of error are therefore sustained. The trial court's judgment entry dated July 3, 2012 is reversed, and the matter is remanded to the trial court with instructions to reinstate the April 15, 2010 judgment entry.

{¶14} Reversed and remanded.

It is, therefore, considered that said appellant recover of said appellee its costs herein.

It is ordered that a special mandate be sent to said court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.


KATHLEEN ANN KEOUGH, JUDGE

LARRY A. JONES, SR., P.J., and
PATRICIA ANN BLACKMON, J., CONCUR