[Cite as *Bank of Am., N.A. v. Bruggeman*, 2014-Ohio-1273.]

## IN THE COURT OF APPEALS OF OHIO
### SECOND APPELLATE DISTRICT
### MONTGOMERY COUNTY

BANK OF AMERICA, N.A.

      Plaintiff-Appellant

v.

CRAIG BRUGGEMAN, et al.

      Defendant-Appellee

Appellate Case No.    25763

Trial Court Case No.   2011-CV-05445

(Civil Appeal from
 Common Pleas Court)

. . . . . . . . . . .

## O P I N I O N

Rendered on the 28th day of March, 2014.

. . . . . . . . . . .

JASON A. WHITACRE, Atty. Reg. No. 0077330, LAURA C. INFANTE, Atty. Reg. No. 0082050, 4500 Courthouse Boulevard, Suite 400, Stow, Ohio 44224
      Attorneys for Plaintiff-Appellant

DOUGLAS TROUT, Atty. Reg. No. 72027, 301 West Third Street, 5th Floor, Dayton, Ohio 45422
      Attorney for Defendant-Appellee-Montgomery County Treasurer

JULIA C. KOLBER, Atty. Reg. No. 0078855, 12 West Monument Avenue, Suite 200, Dayton, Ohio 45402
      Attorney for Defendant-Appellee

. . . . . . . . . . . .

WELBAUM, J.

**{¶ 1}** Plaintiff-Appellant, Bank of America, NA ("BOA"), appeals from a judgment dismissing BOA's foreclosure action without prejudice. We are asked to decide whether the trial court had jurisdiction to dismiss this case without prejudice after it had previously filed a judgment entry and decree in foreclosure. We also must determine whether the order of dismissal was a final order granting this court appellate jurisdiction under R.C. 2505.02.

**{¶ 2}** We conclude that we have jurisdiction under R.C. 2505.02(B)(3) to consider BOA's appeal of the order dismissing its action without prejudice, because the order of dismissal had the effect of vacating a pre-existing judgment. Furthermore, the trial court lacked authority to vacate the pre-existing judgment and decree of foreclosure. The judgment and decree of foreclosure was a final order, and Appellees did not file a Civ.R. 60(B) motion, asking the court for relief from the judgment of foreclosure. Accordingly, the judgment of the trial court will be reversed and remanded for further proceedings.

I. Facts and Course of Proceedings

**{¶ 3}** In January 2011, BOA, successor by merger to BAC Home Loans Servicing, L.P., filed a complaint in foreclosure against Defendant-Appellees, Craig and Cynthia Bruggeman ("Bruggemans"). A judgment entry and decree of foreclosure was filed on September 12, 2011.

**{¶ 4}** After the judgment entry was filed, the trial court held more than ten status conferences spanning over a year, to assist the parties in reaching an agreement on a loan modification. On April 17, 2013, the trial court dismissed the case without prejudice by entering the following order:

As the loss mitigation review process in this matter has been ongoing for an extensive period of time, and in multiple telephonic status conferences the court and counsel for Defendants were advised that loss mitigation review was underway, but such review had not taken place timely, the Court administratively dismisses this action without prejudice. April 17, 2013 Order of Dismissal (Administrative Dismissal), p. 1.

{¶ 5}    The order of dismissal did not contain any provisions for reactivating the case. BOA filed a timely appeal from the court's order of dismissal.

## II.  ASSIGNMENT OF ERROR

{¶ 6}    BOA's sole assignment of error states as follows:

The trial court erred and acted without jurisdiction in sua sponte dismissing Appellant's Complaint in Foreclosure.

### A.  Was the Dismissal of the Case a Final Appealable Order?

{¶ 7}    In responding to BOA's assignment of error, the Bruggemans claim that the involuntary dismissal in this case was not a final appealable order as defined in R.C. 2505.02, thereby depriving us of appellate jurisdiction and causing BOA's claims to be moot.

{¶ 8}    "Ohio law provides that appellate courts have jurisdiction to review the final orders of inferior courts in their district. Section 3(B)(2), Article IV, Ohio Constitution; R.C. 2505 .02. If an order is not final and appealable, then we have no jurisdiction to review the matter and must dismiss the appeal." *Kilroy v. Peters*, 2d Dist. Montgomery No. 24268, 2011-Ohio-3415, ¶ 13, citing *Stonehill v. Jones*, 4th Dist. Athens No. 09CA1, 2009-Ohio-6052.

" 'In the event that this jurisdictional issue is not raised by the parties involved with the appeal, then the appellate court must raise it sua sponte.' " *Id.*, quoting *Chef Italiano Corp. v. Kent State Univ.*, 44 Ohio St.3d 86, 541 N.E.2d 64 (1989), syllabus. (Other citation omitted.) "An order of a court is a final, appealable order only if the requirements of both R.C. 2505.02 and Civ. R. 54(B), if applicable are met." *Id.*, citing *Chef Italiano* at 88. Therefore, before we can consider the merits of the appeal, we must first decide whether the trial court's order of dismissal was a final appealable order.

{¶ 9} In arguing that the order of dismissal was not final, the Bruggemans reason that many cases have held generally that an involuntary dismissal without prejudice is not a final appealable order. However, this is because the dismissed action is treated as though it had never been commenced, leaving the parties in the same position they occupied prior to the filing of the complaint. *See, e.g., Ackley v. Ryan*, 11th Dist. Lake No. 2009-L-143, 2010-Ohio-477, ¶ 4. We acknowledge that this proposition is generally true, but the cases cited by the Bruggemans do not involve dismissal of valid existing judgments.

{¶ 10} With regard to the case before us, we conclude that R.C. 2505.02(B)(3) confers jurisdiction. R.C. 2505.02(B) provides that:

An order is a final order that may be reviewed, affirmed, modified, or reversed, with or without retrial, when it is one of the following:

* * *

(3) An order that vacates or sets aside a judgment or grants a new trial.

{¶ 11} Although the trial court dismissed BOA's case without prejudice, the court's order dismissed a pre-existing judgment. The fact that the court dismissed the case without

prejudice does not exempt the order of dismissal from the definition of a final judgment, because the effect of the order was to vacate BOA's existing judgment and decree of foreclosure. BOA, therefore, is appealing a final order that grants this court appellate jurisdiction. *Compare State v. Heslop*, 7th Dist. Belmont No. 11-BE-19, 2012-Ohio-5118, ¶ 11 (concluding that a trial court decision vacating the defendant's plea after accepting the plea and entering a finding of guilt was a final appealable order under R.C. 2505.02(B)(3), because the order appealed from vacated that judgment).

**{¶ 12}** Accordingly, we have jurisdiction to decide this matter.

### B. Did the Trial Court Err in Dismissing the Foreclosure Complaint?

**{¶ 13}** With respect to the merits of the assignment of error, BOA contends that the trial court's decision must be reversed because the court lacked jurisdiction to dismiss the judgment entry and decree of foreclosure, which was a final order. In support of its argument, BOA cites *BAC Home Loans Servicing, LP, v. Henderson*, 8th Dist. Cuyahoga No. 98745, 2013-Ohio-275.

**{¶ 14}** In *BAC Home Loans*, the trial court entered a decree of foreclosure and ordered a sheriff's sale. *Id.* at ¶ 2. A bankruptcy filed prior to the sale temporarily stayed the proceedings. However, after the bankruptcy proceedings were dismissed, the trial court ordered a pre-mediation conference. *Id.* at ¶ 3-5. The mediation order included language stating that " 'failure of the plaintiff's counsel to appear in person at the pre-mediation conference will result in dismissal of the plaintiff's claims without prejudice.' " *Id.* at ¶ 5. When BAC's counsel failed to appear for the pre-mediation conference, the trial court dismissed the case without prejudice.

*Id.* at ¶ 7.

{¶ 15}  On appeal, the Eighth District Court of Appeals reversed the judgment of the trial court.  First, the court of appeals noted that the trial court's order of foreclosure and sale was a final appealable order.  *Id.* at ¶ 9.  The court of appeals then made the following observations:

A trial court has no authority to sua sponte vacate its own final orders. *In re R.T.A.,* 8th Dist. No. 98498, 2012-Ohio-5080, ¶ 5, citing *Dickerson v. Cleveland Metro. Hous. Auth.,* 8th Dist. No. 96726, 2011-Ohio-6437, ¶ 7. Since the adoption of the Civil Rules, Civ.R. 60(B) provides the exclusive means for a trial court to vacate a final judgment.  *In re R.T.A., supra,* citing *Rice v. Bethel Assoc., Inc.,* 35 Ohio App.3d 133, 520 N.E.2d 26 (9th Dist.1987); *In re D.R.M.,* 8th Dist. No. 98633, 2012-Ohio-5422, ¶ 7.

Here, neither party filed a Civ.R. 60(B) motion for relief from judgment nor asked the court to vacate any of the provisions of the court's April 15, 2010 judgment.  Accordingly, the trial court erred in sua sponte vacating its judgment of foreclosure in favor of BAC and in sua sponte vacating the sheriff's sale.

Henderson [the defendant] concedes that a court is without authority to sua sponte vacate its final judgments but argues that the trial court had authority in this case to dismiss the foreclosure action without prejudice because the court gave notice that the matter would be dismissed if the parties failed to appear at the pre-mediation conference. Henderson's argument is without merit.  Because the trial court had entered a judgment of foreclosure for BAC and ordered the property

to be sold at sheriff's sale – a final judgment – the court was without authority to sua sponte vacate its judgment and dismiss the case. Henderson's remedy upon the trial court's order of foreclosure and sale was to file an appeal or a Civ .R. 60(B) motion for relief from judgment in the trial court. Because he did not file a Civ.R. 60(B) motion, the trial court was without authority to sua sponte vacate its final judgment of foreclosure and sale and dismiss the case. *BAC Home Loans,* 8th Dist. Cuyahoga No. 98745, 2013-Ohio-275, at ¶ 10-12.

**{¶ 16}** We agree with the analysis of the Eighth District Court of Appeals. In the case before us, the trial court did not have jurisdiction to dismiss the judgment and decree of foreclosure, which had become final. The Bruggemans did not appeal that judgment, nor did they file a Civ.R. 60(B) motion with the trial court, asking the court for relief from the foreclosure decree. Accordingly, the trial court did not have authority to set aside its prior final order.

**{¶ 17}** Based on the preceding discussion, BOA's assignment of error is sustained.

### III. Conclusion

**{¶ 18}** BOA's sole assignment of error having been sustained, the judgment of the trial court is reversed, and this cause is remanded for further proceedings.

. . . . . . . . . . . . .

FAIN and DONOVAN, JJ., concur.

Copies mailed to:

Jason A. Whitacre
Laura C. Infante
Douglas Trout
Julia C. Kolber
Hon. Mary Lynn Wiseman