[Cite as *U.S. Bank, N.A. v. Majchrowicz*, 2014-Ohio-2530.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 100174**

## U.S. BANK, N.A.

PLAINTIFF-APPELLEE

vs.

## DEBORAH L. MAJCHROWICZ, ET AL.

DEFENDANTS-APPELLANTS

**JUDGMENT:**
AFFIRMED

Civil Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CV-10-727539

**BEFORE:** Blackmon, J., Rocco, P.J., and McCormack, J.

**RELEASED AND JOURNALIZED:** June 12, 2014

**ATTORNEY FOR APPELLANTS**

Jay R. Carson
Wegman, Hessler & Vanderburg
6055 Rockside Woods Blvd.
Suite 200
Cleveland, Ohio 44131


**ATTORNEYS FOR APPELLEE**

Gregory A. Stout
Reisenfeld & Associates, L.L.C.
3962 Red Bank Road
Cincinnati, Ohio 45227

Steven J. Paffilas
United States Attorney's Office
801 West Superior Avenue
Suite 400
Cleveland, Ohio 44113

PATRICIA ANN BLACKMON, J.:

{¶1} Appellant Deborah Majchrowicz ("Majchrowicz") appeals the trial court's decision that treated U.S. Bank's second motion to reconsider as a Civ.R. 60(B) motion for relief from judgment and then granted the motion. Majchrowicz assigns the following error for our review:

> I. The trial court erred by granting plaintiff's motion for reconsideration of a final appealable order.

{¶2} Having reviewed the record and pertinent law, we affirm the trial court's decision. The apposite facts follow.

{¶3} On May 24, 2010, U.S. Bank filed a complaint in foreclosure against Majchrowicz. On June 9, 2010, Majchrowicz filed a notice of bankruptcy that stayed the proceeding. On October 20, 2010, following Majchrowicz's discharge in bankruptcy, the case was returned to the trial court's active docket. On February 24, 2011, the trial court referred the case to mediation. On July 7, 2011, mediation was terminated.

{¶4} On July 27, 2011, U.S. Bank filed its motion for default and summary judgment. Majchrowicz failed to appear for the default judgment hearing. On September 21, 2011, the trial court granted U.S. Bank's motions for default and summary judgment. On September 23, 2011, the magistrate issued a decision recommending that the matter proceed to foreclosure.

{¶5} On November 14, 2011, the trial court adopted the magistrate's decision and issued a decree of foreclosure. On December 6, 2011, the trial court issued an order of sale. Following the appraisal, the trial court scheduled the sheriff's sale for January 23, 2012, and U.S. Bank notified Majchrowicz of the sale.

**{¶6}** Upon receiving notice of the sale, Majchrowicz requested continued mediation. On January 10, 2012, the trial court referred the matter for a second round of mediation and stayed all discovery, as well as motion practice, but did not stay the order of sale. On January 23, 2012, the subject property was sold as scheduled. U.S. Bank purchased the property, but the trial court did not immediately confirm the sale.

**{¶7}** On April 24, 2012, U.S. Bank notified the mediator that they had offered Majchrowicz a trial plan to stay in the house. The following day, the trial court issued a judgment entry that ordered U.S. Bank to "file a notice of intent to proceed or submit a request to vacate 11/14/2011 foreclosure decree and 1/27/2012 order of sale and dismissal entry or notice of dismissal on or before 8/16/2012."

**{¶8}** On August 17, 2012, after U.S. Bank failed to file a notice of intent or entry of dismissal, the trial court sua sponte vacated the foreclosure decree and order of sale, and dismissed the case without prejudice. On September 17, 2012, the trial court issued an order vacating the sale of the property. U.S. Bank did not appeal the trial court's decision vacating the previous orders.

**{¶9}** On September 28, 2012, U.S. Bank filed a motion for reconsideration of the trial court's orders that vacated the foreclosure decree and order of sale. Majchrowicz opposed the motion. On October 12, 2012, the trial court denied U.S. Bank's motion for reconsideration.

{¶10} On February 15, 2013, U.S. Bank refiled the case, but designated the matter as "newly filed" resulting in it being opened as a separate case with a different judge. The "newly filed" case was eventually dismissed without prejudice.

{¶11} On May 28, 2013, U.S. Bank filed a second motion to reconsider and reinstate the foreclosure decree and sheriff's sale. U.S. Bank cited our decision in *BAC Home Loans Servicing v. Henderson*, 8th Dist. Cuyahoga No. 98745, 2013-Ohio-275, and argued that the trial court had no jurisdiction to reverse the previous orders. On June 11, 2013, Majchrowicz opposed the motion on the grounds that a motion for reconsideration cannot be used as a substitute for an appeal.

{¶12} On June 28, 2013, the trial judge, who inherited the docket following the retirement of the previous judge, granted U.S. Bank's second motion for reconsideration pursuant to Civ.R. 60(B). Majchrowicz now appeals.

## Trial Court Sua Sponte Vacating Final Orders

{¶13} In the sole assigned error, Majchrowicz argues the trial court erred when it granted U.S. Bank's second motion for reconsideration. Specifically, Majchrowicz argues that the dismissal of the foreclosure complaint without prejudice and the denial of U.S. Bank's first motion for reconsideration were both final orders that U.S. Bank failed to appeal. Predominantly, Majchrowicz argues that U.S. Bank should not be allowed to utilize successive motions for reconsideration as a substitute for an appeal. For the reasons that follow, we affirm the trial court's decision.

**{¶14}** There are two judgments that are appealable in foreclosure actions. *Wells Fargo Bank, N.A. v. Cuevas*, 8th Dist. Cuyahoga No. 99921, 2014-Ohio-498, citing *Mulby v. Poptic*, 8th Dist. Cuyahoga No. 96863, 2012-Ohio-1037, ¶ 6, citing *Emerson Tool, L.L.C. v. Emerson Family Ltd. Partnership*, 9th Dist. Summit No. 24673, 2009-Ohio-6617, ¶ 13. The first is the order of foreclosure and sale. The second is the confirmation of the sale. *Id.*

**{¶15}** Thus, the trial court's November 14, 2011 judgment ordering foreclosure and January 27, 2012 order of sale of the property are final, appealable orders. *Aurora Loan Servs. L.L.C. v. Phillips*, 5th Dist. Knox No. 12-CA-4, 2012-Ohio-5377, citing *Third Natl. Bank v. Speakman*, 18 Ohio St.3d 119, 120, 480 N.E.2d 411 (1985).

**{¶16}** Recently, in *Henderson*, 8th Dist. Cuyahoga No. 98745, 2013-Ohio-275, we held that a trial court has no authority to sua sponte vacate its own final orders. *Id.*, citing *In re R.T.A.*, 8th Dist. Cuyahoga No. 98498, 2012-Ohio-5080, ¶ 5, citing *Dickerson v. Cleveland Metro. Hous. Auth,* 8th Dist. Cuyahoga No. 96726, 2011-Ohio-6437, ¶ 7.

**{¶17}** Similar to the instant case, in *Henderson*, the trial court entered a decree of foreclosure and ordered a sheriff's sale. *Id.* at ¶ 2. A bankruptcy filed prior to the sale temporarily stayed the proceedings. However, after the bankruptcy proceedings were dismissed, the trial court ordered a pre-mediation conference. *Id.* at ¶ 3-5. The mediation order included language stating that "'failure of the plaintiff's counsel to appear in person at the pre-mediation conference will result in dismissal of the plaintiff's claims without

prejudice.'" *Id*. at ¶ 5. When the bank's counsel failed to appear for the pre-mediation conference, the trial court dismissed the case without prejudice. *Id*. at ¶ 7.

{¶18} However, unlike *Henderson*, in the instant case, instead of appealing the trial court's August 17, 2012 judgment that vacated the two prior final appealable orders, U.S. Bank complicated the matter by filing a motion for reconsideration. It is noted that motions for reconsideration are not allowable either expressly or impliedly in the trial court after a final judgment. *Bank of N.Y. Mellon Trust Co., N.A. v. Hentley*, 8th Dist. Cuyahoga No. 99252, 2013-Ohio-3150, citing *Pitts v. Ohio Dept. of Transp.*, 67 Ohio St.2d 378, 423 N.E.2d 1105 (1981), paragraph one of the syllabus. Thus, the trial court's decision granting U.S. Bank's second motion for reconsideration was a nullity and did not constitute a final appealable order. *Nannicola v. Rosan*, 7th Dist. Mahoning No. 12 MA 20, 2012-Ohio-5338.

{¶19} Since the adoption of the Civil Rules, Civ.R. 60(B) provides the exclusive means for a trial court to vacate a final judgment. *In re R.T.A.*, 2012-Ohio-5080, *supra*, citing *Rice v. Bethel Assoc., Inc.*, 35 Ohio App.3d 133, 520 N.E.2d 26 (9th Dist.1987); *In re D.R.M.*, 8th Dist. Cuyahoga No. 98633, 2012-Ohio-5422. As previously noted, U.S. Bank did not file a Civ.R. 60(B) motion to vacate the trial court's judgment of August 17, 2012, that vacated the two final appealable orders.

{¶20} The record reveals that in granting U.S. Bank's second motion for reconsideration, the trial court treated the motion as a Civ.R. 60(B) motion. A trial court does have some discretion in treating a motion seeking reconsideration of a final order as

a Civ.R. 60(B) motion for relief from judgment. *See State ex rel. Albourque v. Terry*, 128 Ohio St.3d 505, 2011-Ohio-1913, 947 N.E.2d 169, ¶ 2. However, it cannot be applied by the trial court sua sponte. *Deutsche Bank v. Pearlman*, 162 Ohio App.3d 164, 2005-Ohio-3545, 832 N.E.2d 1253 (9th Dist.).

**{¶21}** In addition, Civ.R. 60(B) does not apply to actions that are dismissed without prejudice and that can be refiled. *Figueroa v. Showtime Builders, Inc.,* 8th Dist. Cuyahoga No. 95246, 2011-Ohio-2912, ¶ 8, citing *Hensley v. Henry*, 61 Ohio St.2d 277, 400 N.E.2d 1352 (1980); *see also Coleman v. Showroom Transp.*, 8th Dist. Cuyahoga No. 93675, 2010-Ohio-1439.

**{¶22}** As in *Henderson,* 2013-Ohio-275, because the trial court had entered a judgment of foreclosure for U.S. Bank and ordered the property to be sold at the sheriff's sale — a final judgment — the trial court was without authority to sua sponte vacate its judgment and dismiss the case. Majchrowicz's remedy upon the trial court's order of foreclosure and sale was to file an appeal or a Civ.R. 60(B) motion for relief from judgment in the trial court. *Henderson* at ¶ 12. Because Majchrowicz did not file a Civ.R. 60(B) motion, the trial court was without authority to sua sponte vacate its final judgment of foreclosure and sale and dismiss the case. *Id.*

**{¶23}** Consequently, the now retired trial court erred in sua sponte vacating its judgment of foreclosure in favor of U.S. Bank, and in sua sponte vacating the sheriff's sale. In granting U.S. Bank's second motion for reconsideration, the trial court, who inherited the docket, recognizing, as we do, that the two orders had been improvidently

vacated, stated in pertinent part as follows: "the sua sponte dismissal was indeed improper but the prior coupling of that problem with an improperly framed motion only complicated the issue." Journal Entry, June 28, 2013.

{¶24} Ordinarily, because the trial court granted a motion for reconsideration in a matter where a final judgment had been issued, and such a motion is a nullity, the judgment of the trial court would have been reversed and the prior judgment reinstated. However, under the peculiar facts of the instant case, to bring this procedural maze to a close, we are constrained to affirm the trial court's decision. We are not fashioning a new interpretation of the Civil Rules by the foregoing, but rather fashioning a remedy where the error first occurred. Accordingly, we overrule the sole assigned error.

{¶25} Judgment affirmed.

It is ordered that appellee recover from appellants costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate be sent to said court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
PATRICIA ANN BLACKMON, JUDGE

KENNETH A. ROCCO, P.J., and
TIM McCORMACK, J., CONCUR