[Cite as *State Auto. Mut., Inc. v. Brannan*, 2014-Ohio-2557.]

IN THE COURT OF APPEALS FOR MONTGOMERY COUNTY, OHIO

STATE AUTOMOBILE MUTUAL, INC.,    :
et al.

    Plaintiff-Appellant           :         C.A. CASE NO.   26063

v.                          :         T.C. NO.   13CVE1108

JOSEPH BRANNAN, et al.       :       (Civil appeal from
                                   Municipal Court)

    Defendants-Appellees     :

                              :

. . . . . . . . . .

# OPINION

Rendered on the    13th    day of     June    , 2014.

. . . . . . . . . .

DARAN P. KIEFER, Atty. Reg. No. 0064121, P. O. Box 6599, Cleveland, Ohio 44101
    Attorney for Plaintiff-Appellant

ALEX R. MEYERS, Atty. Reg. No. 0088613, 5101 Menard Drive, Eau Claire, WI 54703
    Attorney for Defendants-Appellees

. . . . . . . . . .

DONOVAN, J.

{¶ 1} This matter is before the Court on the Notice of Appeal of State Auto

Mutual

Insurance Company ("State Auto"), filed January 21, 2014. State Auto appeals from the Miamisburg Municipal Court's December 20, 2013 "Entry and Order Rescinding Default Judgment Against Defendant Joseph Brann[a]n." We hereby reverse the judgment of the trial court.

{¶ 2} On July 18, 2013, State Auto filed a Complaint against Joseph K. Brannan and Menards, Inc. ("Menards"), alleging that it was the insurer and subrogee of Louis A. Bull. According to the Complaint, on or about November 10, 2012, Brannan negligently operated a motor vehicle on Interstate 75 and caused a collision with the vehicle of Bull. Specifically, a load of wood that Brannan was transporting was unsecured, came loose, and struck Bull's vehicle. At the time of the accident, the complaint alleges, Brannan was acting as an agent and/or employee of Menards, and the vehicle he was driving was owned by Menards. The Complaint alleged damage to Bull's vehicle in the amount of $4,022.39. Menards filed an Answer on August 19, 2013.

{¶ 3} On September 12, 2013, State Auto filed a Motion for Default Judgment against Brannan, along with evidence of damages. Menards filed an Amended Answer on September 16, 2013. On September 17, 2013, the municipal court granted default judgment against Brannan in the amount of $4,022.39 with interest.

{¶ 4} In vacating the default judgment on December 20, 2013, the municipal court concluded as follows:

> * * *
>
> It was brought to the court[']s attention upon a telephone pre-trial conference call that a default judgment was placed against Defendant, Joseph Brann[a]n and he was currently making payments to the Plaintiff in this

matter. Upon review of the Defendant, Menard Inc.'s Answer filed on August 19, 2013, Menard's admits in their Answer that Defendant Joseph Brann[a]n was acting as an agent for Menard's Inc. They also admit that Menard's is the owner of the vehicle driven by Mr. Brann[a]n on or about November 10, 2012.

Therefore, to prevent a manifest injustice, the default judgment against the Defendant Joseph Brann[a]n is vacated. This case shall proceed in accordance with civil procedure.

{¶ 5} On December 31, 2013, Brannan filed Defendant's Motion to Vacate Judgment and Order, in which he asserted that "Ohio Civil Rule 60(B) states that a court can set aside a default judgment for the reasons set forth in Rule 60(B)(1) through (5)." He further asserted that in "April of 2013, Brannan's son passed away. Since that time, he has been grieving and dealing with the expenses of his son's burial * * * . Further, Brannan's mother's health began to decline in July of 2013, around the same time the Complaint in this lawsuit was filed." Brannan asserted that he was covered by Menard's automobile insurance policy, and that he "was acting under the belief that Menard's Inc. was handling the instant matter on his behalf." According to Brannan, the "facts stated above entitle him to relief from judgment under Ohio Rule 60(B)(1) and (5) for excusable neglect, mistake, or any other reason justifying relief from judgment." Brannan asserted "the meritorious defense that the circumstances surrounding the alleged accident were caused by an act of God or circumstances otherwise beyond his control, and not the negligence of Brannan." Brannan listed his defenses to the allegation contained in the Complaint, and he attached his

affidavit and several exhibits to his motion.

{¶ 6} In its brief, State Auto asserts one assignment of error as follows:

"THE TRIAL COURT ERRED AS A MATTER OF LAW BY VACATING A PROPER JUDGMENT AGAINST DEFENDANT BRANN[A]N ENTERED SEPTEMBER 17th, 2013 WHERE NO 'MOTION' TO VACATE WAS FILED BY A PARTY."

{¶ 7} "'Civil Rule 60 provides the exclusive grounds which must be present and the procedure which must be followed in order for a court to vacate its own judgment.' *McCue v. Buckeye Union Ins. Co.* (1979), 61 Ohio App.2d 101, 15 O.O.3d 103, 399 N.E.2d 127. See, also, Civ.R. 55(B)." *Miamisburg Motel v. Huntington Natl. Bank*, 88 Ohio App.3d 117, 122-23, 623 N.E.2d 163 (2d Dist.1993).

{¶ 8} Civ.R. 60(B) provides as follows:

(B) Mistakes; inadvertence; excusable neglect; newly discovered evidence; fraud; etc.

On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order or proceeding for the following reasons: (1) mistake, inadvertence, surprise or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(B); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation or other misconduct of an adverse party; (4) the judgment has been satisfied, released or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable

that the judgment should have prospective application; or (5) any other reason justifying relief from the judgment. The motion shall be made within a reasonable time, and for reasons (1), (2) and (3) not more than one year after the judgment, order or proceeding was entered or taken. A motion under this subdivision (B) does not affect the finality of a judgment or suspend its operation.

*The procedure for obtaining any relief from a judgment shall be by motion as prescribed in these rules.* (Emphasis added).

**{¶ 9}** As this Court noted in *Miamisburg Motel*:

The Ohio Supreme Court has held that to prevail on a motion brought under Rule 60(B) the movant must demonstrate (1) that the party has a meritorious defense or claim to present if relief is granted; (2) that the party is entitled to relief under one of the grounds stated in Civ.R. 60(B)(1) through (5); and (3) that the motion is made within a reasonable time, and where the grounds of relief are Civ.R. 60(B)(1), (2), or (3) not more than one year after the judgment, order or proceeding was entered or taken. *Argo Plastic Prod. Co. v. Cleveland* (1984), 15 Ohio St.3d 389, 391, 15 OBR 505, 506-507, 474 N.E.2d 328, 330; *GTE Automatic Elec., Inc. v. ARC Industries, Inc.* (1976), 47 Ohio St.2d 146, 1 O.O.3d 86, 351 N.E.2d 113. *Id.*, 123.

**{¶ 10}** As this Court has previously noted:

A trial court has no authority to sua sponte vacate its own final orders. *In re R.T.A.*, 8th Dist. No. 98498, 2012-Ohio-5080, ¶ 5, citing *Dickerson v.*

*Cleveland Metro. Hous. Auth.*, 8th Dist. No. 96726, 2011-Ohio-6437, ¶ 7. Since the adoption of the Civil Rules, Civ.R. 60(B) provides the exclusive means for a trial court to vacate a final judgment. *In re R.T.A.*, supra, citing *Rice v. Bethel Assoc., Inc.*, 35 Ohio App.3d 133, 520 N.E.2d 26 (9th Dist.1987); *In re D.R.M.*, 8th Dist. No. 98633, 2012-Ohio-5422, ¶ 7. *Bank of Am., N.A. v. Bruggeman*, 2d Dist. Montgomery No. 25763, 2014-Ohio-1273, ¶ 15, quoting *BAC Home Loans Servicing, LP, v. Henderson*, 8th Dist. Cuyahoga No. 98745, 2013-Ohio-275, ¶ 10.

**{¶ 11}** Civ.R. 60(B) provides the exclusive means for a court to vacate its judgment, and it provides that the procedure for obtaining relief "*shall be by motion.*" Brannan's motion was filed *after* the court vacated the default judgment. As this Court noted above, the municipal court lacked authority as a matter of law to sua sponte vacate the default judgment entered against Brannan in the absence of a motion. Accordingly, State Auto's assigned error is sustained, and the "Entry and Order Rescinding Default Judgment against Defendant Joseph Brann[a]n" is reversed and vacated. Upon remand, State Auto should be given the opportunity to respond to the Motion to Vacate filed on December 31, 2013 by Brannan, so the court may then properly rule on its merits. Remanded for further proceedings consistent with this opinion.

. . . . . . . . . .

FROELICH, P. J. and HALL, J., concur.

**[Cite as *State Auto. Mut., Inc. v. Brannan*, 2014-Ohio-2557.]**
Copies mailed to:

Daran P. Kiefer
Alex R. Meyers
Hon. Robert W. Rettich, III