[Cite as *Dragon v. Henderson*, 2016-Ohio-7305.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
No. 104021

## GERALD G. DRAGON

PLAINTIFF-APPELLANT

vs.

## NIKKI L. HENDERSON, ET AL.

DEFENDANTS-APPELLEES

**JUDGMENT:**
AFFIRMED

Civil Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CV-15-854701

**BEFORE:** Stewart, P.J., S. Gallagher, J., and Celebrezze, J.

**RELEASED AND JOURNALIZED:** October 13, 2016

**FOR APPELLANT**

Gerald G. Dragon, pro se
19305 Apelt Drive
Cleveland, OH 44135


**FOR APPELLEES**

Nikki L. Henderson, pro se
3915 Crossing Creek Drive
Claremont, NC 28610

Kristopher J. Dragon, pro se
3656 Weyland Drive
Conover, NC 28613


**ATTORNEYS FOR C.C.D.C.F.S.**

Timothy J. McGinty
Cuyahoga County Prosecutor

Joseph C. Young
Assistant County Prosecutor
3955 Euclid Avenue, Room 305-E
Cleveland, OH 44115

MELODY J. STEWART, P.J.:

{¶1} Defendant-appellant Gerald Dragon and his former wife, Katherine Dragon, were divorced in 1982. Following Katherine's death in 2006, the domestic relations division of the court of common pleas determined that appellant was in arrears on his child support obligation in the amount of $35,894.50 (owed to Katherine's heirs or next of kin), and in addition owed the Cuyahoga County Support Enforcement Agency (the "agency") $762.02.

{¶2} In 2015, Dragon filed a complaint in the general division asking the court to stay the order reducing his arrears to judgment pending DNA testing to determine whether he was the father of the children. The agency filed a Civ.R. 12(C) motion for judgment on the pleadings for failure to state a claim upon which relief can be granted. The motion was unopposed. The agency's motion argued that Dragon's paternity action was res judicata, that his claims had been concurrently raised in the domestic relations division, and that the general division had no subject matter jurisdiction over a parentage claim. The court dismissed the complaint on grounds that the complaint failed to state a claim upon which the general division could grant relief.

{¶3} A Civ.R. 12(C) motion for judgment on the pleadings presents questions of law, the determination of which is restricted solely to the allegations in the pleadings and any writings attached to the pleadings. *Peterson v. Teodosio*, 34 Ohio St.2d 161, 297 N.E.2d 113 (1973). A motion for judgment on the pleadings is limited to the pleadings and can be granted when the court, after construing the pleadings most favorably to the nonmoving party, finds beyond doubt that the nonmoving party could prove no set of facts in support of a claim for relief.[1] *State ex rel. Midwest Pride IV, Inc. v. Pontious*, 75 Ohio St.3d 565, 570, 664 N.E.2d 931 (1996).

{¶4} Motions for relief from a paternity determination or support order shall be filed "in the division of the court of common pleas of the county in which the original judgment, court order, or child support order was made or issued or in the division of the court of common pleas of the county that has jurisdiction involving the administrative determination or order." R.C. 3119.961(A). Because the child support order was issued by the domestic relations division, Dragon had to seek relief from the support order in that division of the court of common pleas. *Angus v. Angus*, 10th Dist. Franklin No. 14AP-742, 2015-Ohio-2538, ¶ 21. The court lacked subject matter jurisdiction, so it did not err by granting judgment on the pleadings.

---

[1] The difference between a Civ.R. 12(B)(6) motion for failure to state a claim upon which relief can be granted and a Civ.R. 12(C) motion for judgment on the pleadings is that a Civ.R. 12(B)(6) motion is made before a responsive pleading is filed, while a Civ.R. 12(C) motion is made at the close of pleadings. Seasoned attorneys tend to utilize Civ.R. 12(C) because a *dismissal* under Civ.R. 12(B)(6) is often without prejudice and therefore nonfinal, whereas a Civ.R. 12(C) motion results in a *judgment* that is final and has preclusive effect.

**{¶5}** Judgment affirmed.[2]

It is ordered that appellee recover of appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
MELODY J. STEWART, PRESIDING JUDGE

SEAN C. GALLAGHER, J., and
FRANK D. CELEBREZZE, JR., J., CONCUR

---

[2] We note that before Dragon filed the petition in this action, he filed a motion in the original divorce action, Cuyahoga C.P. Dom. Rel. No. DR-82-132150, styled as a "motion to determine and liquidate support arrearage," but asking the court to determine paternity. That case is pending as a companion case to this one in *Dragon v. Dragon* 8th Dist. Cuyahoga No. 104019.