FROELICH, J., dissenting:
{¶ 13} I disagree, both on procedural grounds and on the merits, with the majority's conclusion that the trial court properly *153 granted Respondents' Civ.R. 12(C) motion.
{¶ 14} At the outset, our review should be of the July 5, 2016 judgment entry. Respondents filed a motion to dismiss pursuant to Civ.R. 12(B)(6) and/or for judgment on the pleadings pursuant to Civ.R. 12(C).[2] The trial court granted Respondents' Civ.R. 12(C) motion for judgment on the pleadings in a "Decision and Final Judgment Entry" filed on July 5, 2016.
{¶ 15} On July 7, 2016, without any reference to the July 5 judgment, the court filed an "Amended July 7, 2016 Decision and Final Judgment * * * Granting Respondents' Motion for Judgment on the Pleadings." The only difference in the July 5 and July 7 documents is on page 4, where the July 5 judgment entry "finds that a denial of Petitioners' request to grant the disclosure sought herein will ultimately deprive Petitioners of a fair adjudication of the allegations they have placed at issue in their Federal lawsuit * * *," whereas the July 7 Final Judgment "finds that a denial of Petitioners' request to grant the disclosure sought herein will not ultimately deprive Petitioners of a fair adjudication of the allegations * * *." (Emphasis added). Each judgment included the language that it "is a FINAL APPEALABLE ORDER and that THERE IS NO JUST CAUSE FOR DELAY." (Capitalization sic.).
{¶ 16} While the trial court may have had the authority to file a nunc pro tunc entry correcting what is perhaps a typographical error, see Civ.R. 60(A), the court did not have the authority, in the absence of a Civ.R. 60(B) motion, to vacate its final judgment entered on July 5, 2016. See, e.g., Pitts v. Ohio Dept. of Transp ., 67 Ohio St.2d 378, 380, 423 N.E.2d 1105 (1981) ("[T]he Rules of Civil Procedure specifically limit relief from judgments to motions expressly provided for within the same Rules."); State Auto. Mut., Inc. v. Brannan , 2d Dist. Montgomery No. 26063, 2014-Ohio-2557, 2014 WL 2700465 ("municipal court lacked authority as a matter of law to sua sponte vacate the default judgment entered against Brannan in the absence of a motion"). The second entry was a nullity in that it purported to amend a previous final judgment. Id. ; see Robinson v. Robinson , 168 Ohio App.3d 476, 2006-Ohio-4282, 860 N.E.2d 1027, ¶ 17 (2d Dist.) (because a trial court cannot reconsider a final judgment, any order granting or denying a motion for reconsideration is a nullity).
{¶ 17} The final judgment before us granted the Respondents' motion to dismiss, pursuant to Civ.R. 12(C). As much as it seems to put form over substance, I would reverse the July 5, 2016 judgment on the ground that its conclusion is not supported by its own factual finding.
{¶ 18} Secondly, even if we were to review the July 7 judgment entry, the trial court's entry reflects that it considered information that was not properly before it when reviewing a Civ.R. 12(B)(6) or 12(C) motion. "The main difference between a Civ.R. 12(B)(6) motion and a Civ.R. 12(C) motion is timing and the material which may be considered." JP Morgan Chase Bank, N.A. v. Belden Oak Furniture Outlet, Inc. , 5th Dist. Stark No. 2010 CA 49, 2010-Ohio-4444, 2010 WL 3639633, ¶ 20. A Civ.R. 12(B)(6) motion is ordinarily filed prior to the answer, and consideration of *154 the motion is limited solely to the complaint, including any writings attached thereto. Id. A Civ.R. 12(C) motion is filed "after the pleadings are closed," allowing the trial court to consider all of the pleadings. Karras v. Karras , 2d Dist. Montgomery No. 27094, 2016-Ohio-8511, 2016 WL 7493690, ¶ 31. For either motion, the trial court is restricted solely to the relevant pleading(s), and it cannot consider additional evidentiary materials.
{¶ 19} In ruling on either a Civ.R. 12(B)(6) motion or 12(C) motion, the trial court must (1) construe the material allegations in the complaint, with all reasonable inferences to be drawn therefrom, in favor of the plaintiff and accept the allegations as true, and (2) determine whether the plaintiff can prove any set of facts in support of the claim(s) that would entitle the plaintiff to relief. E.g. , LaMusga v. Summit Square Rehab, LLC , 2015-Ohio-5305, 43 N.E.3d 504, ¶ 45-46 (2d Dist.) ; State ex rel. Lockard v. Wellston City Sch. Dist. Bd. of Edn. , 2015-Ohio-2186, 35 N.E.3d 880, ¶ 6 (4th Dist.).
{¶ 20} The petition in this case contained various allegations to support a request for the release of certain grand jury testimony; Respondents filed an answer with general denials. Neither pleading included exhibits, pursuant to Civ.R. 10(C). In ruling on Respondents' motion for judgment on the pleadings, the trial court was restricted to considering the limited information contained in these pleadings.
{¶ 21} While Respondents' motion to dismiss or for judgment on the pleadings was pending, the trial court ordered the preparation of "the extraction from the Grand Jury Transcripts to include only the testimony Officer Sean Williams and Sergant [sic] David Darkow provided to the Grand Jury of Greene County, Ohio * * *," to be filed under seal. The court indicated that the purpose of the order was so the court could conduct an in camera inspection of the officers' grand jury testimony. In its judgment entry granting Respondents' motion to dismiss pursuant to Civ.R. 12(C), the trial court indicated that it had "made an in camera inspection of the Grand Jury proceedings as they pertain to the testimony of Williams and Darkow." Although the trial court's rationale for granting the motion did not reference the grand jury testimony, the trial court's statement that it had reviewed the grand jury transcript suggests that it considered the transcript in reaching its decision.
{¶ 22} Third, again assuming that we could review the July 7 judgment entry, I would conclude that the trial court erred granting judgment, as a matter of law, in favor of Respondents. Crim.R. 6(E) provides that a grand jury testimony may be disclosed only when so directed by a court in connection with a judicial proceeding. As set out in paragraph seven, above, there are generally five reasons for preserving the secrecy of the testimony. None of these seems to be present here. However, even when none of those factors is present, release is still barred unless there is a "particularized need."[3]
{¶ 23} "Particularized need" is a question of fact, but generally it is shown where from a consideration of all surrounding circumstances, it is probable that the failure to disclose testimony will deprive the defendant of a fair adjudication of the judicial proceeding in which the testimony is sought to be used. See State v. Heisey , 2015-Ohio-4610, 48 N.E.3d 157, ¶ 36 (2d Dist.) ;
*155 State v. Hunter , 131 Ohio St.3d 67, 2011-Ohio-6524, 960 N.E.2d 955, ¶ 141. This should be a "highly flexible" standard so that as the requirements for grand jury secrecy diminish, the petitioner has a lower burden in showing a particularized need. Douglas Oil Co. of Cal. v. Petrol Stops Northwest , 441 U.S. 211, 99 S.Ct. 1667, 60 L.Ed.2d 156 (1979) ; see also United States v. Sells Eng., Inc. , 463 U.S. 418, 445, 103 S.Ct. 3133, 77 L.Ed.2d 743 (1983) ( Douglas Oil standard is "highly flexible," "adaptable to different circumstances and sensitive to the fact that the requirements of secrecy are greater in some situations than in others"). As stated in Douglas Oil :
It is clear * * * that disclosure is appropriate only in those cases where the need for it outweighs the public interest in secrecy, and that the burden of demonstrating this balance rests upon the private party seeking disclosure. It is equally clear that as the considerations justifying secrecy become less relevant, a party asserting a need for grand jury transcripts will have a lesser burden in showing justification.
Id. at 223, 99 S.Ct. 1667.
{¶ 24} Normally, whether a particularized need for disclosure is shown is a question of fact and a denial of release will not be reversed absent an abuse of discretion. State v. Coley , 93 Ohio St.3d 253, 261, 754 N.E.2d 1129 (2001). However, a Civ.R. 12(C) dismissal is reviewed de novo since it is, by definition, a determination that the movant is entitled to judgment as a matter of law.
{¶ 25} The Petition for Limited Release of Grand Jury Transcript alleged, among other things, that (1) the grand jury has concluded and returned a no-true-bill so there is no risk of influencing its proceedings, (2) the subject of the grand jury was widely publicized and there is no secrecy involving any investigation, (3) Petitioners would be "unduly prejudiced" in their federal civil lawsuit if they are not able to obtain the testimony, (4) the testimony contains important witness information directly related to their civil lawsuit, (5) other methods of obtaining the testimony (e.g., deposition) have been stayed by the federal court, resulting in Petitioners' being "severely hampered in their investigation" of the matter, (6) Petitioners are limiting their request to two of eighteen grand jury witnesses, and the release sought is "limited in scope to the release necessary to satisfy the needs of Petitioners and prevent prejudice to them," (7) the testimony has already been transcribed and released to the federal government, and (8) Petitioners would accept any reasonable protective order.
{¶ 26} Construing as true all of Petitioners' allegations and the reasonable inference that Petitioners cannot obtain the requested information by other means and that this would deprive them of a fair adjudication in their civil lawsuit, I disagree that the trial court could find, as a matter of law, that Petitioners could not demonstrate a particularized need for the two officers' grand jury testimony. Rather, the trial court should have denied the Civ.R. 12(B)(6) and/or 12(C) motion and conducted further proceedings where evidentiary material could be introduced. As part of such motions or proceedings, the trial court could have properly conducted an in camera inspection of the grand jury testimony, assisted by counsel if necessary, and any other relevant factual material.
{¶ 27} I would reverse the trial court's Civ.R. 12(C) judgment, and I would remand for further proceedings.

As noted by the Eighth District, "[s]easoned attorneys tend to utilize Civ.R. 12(C) because a dismissal under Civ.R. 12(B)(6) is often without prejudice and therefore nonfinal, whereas a Civ.R. 12(C) motion results in a judgment that is final and has preclusive effect." Dragon v. Henderson , 8th Dist. Cuyahoga No. 104021, 2016-Ohio-7305, 2016 WL 5940865, ¶ 3, fn. 1.

The Commission on Rules of Practice and Procedure in Ohio Courts has made recommendations to the Supreme Court to change this standard.